**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RAPID7, INC., a Delaware Corporation )<br>and RAPID7 LLC, a Delaware Limited )<br>Liability Company, )<br>)<br>Defendants. ) | C.A. No. 18-1519-MN |

**SCHEDULING ORDER**

This  13th  day of  February , 20 19 , the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.  <u>Rule 26(a)(l) Initial Disclosures and E-Discovery Order</u>.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) within thirty (30) days of the date the Court enters this Order.  If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information (''ESI''), which is posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standards for Discovery).  The parties will confer and attempt to reach an agreement on an E-Discovery Order and submit it to the Court within twenty-one (21) days from the date the Court enters this Order.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **March 15, 2019**.

3. <u>Application to Court for Protective Order</u>. Counsel finds it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information. Counsel will confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within twenty-one (21) days from the date the Court enters this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 8(g) below.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4. <u>Papers Filed Under Seal</u>. In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

5. <u>Courtesy Copies</u>. Other than with respect to "discovery matters," which are governed by paragraph 8(g), and the final pretrial order, which is governed by paragraph 18, the parties shall provide to the Court two (2) courtesy copies of all briefs and two (2) courtesy copies

of any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies should be double- sided.

6. ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

7. Disclosures. Absent agreement among the parties, and approval of the Court:

(a) By **January 18, 2019**, Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

(b) By **March 7, 2019**, Plaintiff and Defendants shall make the disclosures required in Paragraph 3 of the Court's Default Standard For Discovery.

(c) By **March 22, 2019**, Defendants shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Additionally, Defendants shall produce source code for Defendants' core accused products (i.e., InsightIDR, InsightVM (Nexpose), Metasploit, InsightAppSec, AppSpider, and Komand). Defendants shall also produce sales figures for the accused product(s).

(d) By **May 24, 2019**, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(e) By **June 28, 2019** (35 days after Plaintiff's service of initial claim charts), Defendants shall produce initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

(f) No later than 21 days after the Court issues its Claim Construction Order, Plaintiff shall provide final infringement contentions and identification of asserted claims and accused products.

(g) No later than 28 days after receipt of Plaintiff's final infringement contentions, Defendants shall provide final invalidity contentions and identification of prior art.

8. Discovery. Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed.

(a) Fact Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before **December 13, 2019**.

(b) Expert Discovery Cut Off. All expert discovery in this case shall be initiated so that it will be completed on or before **June 19, 2020**.

(c) Document Production: Document production shall be substantially complete by **August 23, 2019**.

(d) Requests for Admission. A maximum of 50 requests for admission are permitted for each side. Requests for admission related to the authentication of documents are exempt from this limitation.

(e) Interrogatories.

i. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive). Notwithstanding the foregoing, the parties' infringement and invalidity contentions are to be disclosed as set forth herein, and may not be requested in advance of the case deadlines set forth herein through interrogatory requests.

(f) <u>Depositions</u>.

i. <u>Limitation on Hours for Deposition Discovery:</u> Each side is limited to a total of 90 hours of taking testimony by deposition upon oral examination of fact witnesses, including individual and Rule 30(b)(6) depositions as well as third party depositions. Depositions of expert witnesses do not count against this limit. Individual and Rule 30(b)(6) depositions requiring an interpreter count has half time against the deposition limit and may carry over for two consecutive days, with no more than 7 hours of deposition time each day. The parties agree than an expert witness may be deposed for up to 7 hours for each primary issue (e.g., infringement, invalidity) on which that expert has provided an opinion. Thus, if an expert provides an opinion regarding infringement as well as an opinion regarding invalidity, then that expert may be deposed for up to 7 hours regarding infringement and for up to 7 hours regarding invalidity, for a maximum total of 14 hours of deposition time.

ii. <u>Location of Depositions:</u> Unless otherwise agreed to by the parties, depositions of any party or representative (officer, director, or managing agent) employed within the United States shall take place within fifty (50) miles of the place of

employment of the deponent. Unless otherwise agreed to by the parties, any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court employed outside of the United States must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

      (g)    <u>Disclosure of Expert Testimony.</u>

      i.    <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **March 24, 2020**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **April 24, 2020**. Reply expert reports from the party with the initial burden of proof are due on or before **May 29, 2020**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

      ii.    <u>Expert Report Supplementation</u>. The parties agree they **will not** permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

      iii.    <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless

otherwise ordered by the Court.  Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

        (h)      <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

        i.      Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

        ii.      Should counsel find, after a reasonable effort pursuant to D. Del. L.R. 7.1.1 that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Judicial Administrator to schedule an argument.

        iii.      On a date to be set by separate order, generally not less than forty- eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues.  On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

        iv.      Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

        v.      Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

9. <u>Motions to Amend / Motions to Strike</u>.

(a) Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 8(g), above.

(b) Any such motion shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading or attach the document to be stricken.

10. <u>Technology Tutorials</u>. Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

11. <u>Claim Construction Issue Identification</u>. On **May 31, 2019,** the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On **June 13, 2019**, the parties shall exchange their proposed claim construction of those term(s)/phrase(s), and indicate whether they intend to rely upon expert testimony in support of their claim construction positions. These documents will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted **June 27, 2019**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. <u>Claim Construction Briefing</u>. The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on **July 26, 2019**. The Defendants shall serve, but not file, their answering brief, not to exceed 30 pages, on **August 21, 2019**. The Plaintiff shall serve, but not

file, its reply brief, not to exceed 20 pages, on **September 4, 2019**. The Defendants shall serve, but not file, their sur-reply brief, not to exceed 10 pages, on **September 18, 2019**. No later than **September 20, 2019**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I. Agreed-Upon Constructions

II. Disputed Constructions

  [TERM 1]

   1. Plaintiff's Opening Position

   2. Defendants' Answering Position

   3. Plaintiff's Reply Position

   4. Defendants' Sur-Reply Position

  [TERM 2]

   1. Plaintiff's Opening Position

   2. Defendants' Answering Position

   3. Plaintiff's Reply Position

   4. Defendants' Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

  13. <u>Claim Construction Discovery</u>. In the event that Plaintiff elects to rely upon expert testimony to support its claim construction positions, Plaintiff shall provide an expert declaration with its opening claim construction brief. Defendants shall thereafter have the

opportunity to depose Plaintiff's expert by **August 9, 2019**. In the event that Defendants elect to rely upon expert testimony to support their claim construction positions, Defendants shall provide an expert declaration with their Answering Claim Construction brief. Plaintiff shall thereafter have the opportunity to depose Defendants' expert by **August 28, 2019**. No further expert declarations shall be permitted.

      14.      <u>Hearing on Claim Construction</u>. Beginning at **9:00 am** on **October 18, 2019**, the Court will hear argument on claim construction. The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court. The parties shall notify the Court, by joint letter submission, no later than the date on which their joint claim construction brief is filed: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

      Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

      15.      <u>Narrowing of Asserted Claims and Prior Art.</u> In order to streamline the issues in this case to promote a just, speedy, and inexpensive determination of this action as provided by Federal Rule of Civil Procedure 1, the parties propose the following phased limits on asserted claims and invalidity theories:

      (a)      Not later than **July 30, 2019** (32 days after Defendants are required to provide Initial Invalidity Contentions), Plaintiff shall serve a Preliminary Election of Asserted Claims, which shall assert from claims previously asserted in its Initial Infringement

Contentions no more than 10 claims from each patent and not more than a total of 42 claims across all Patents-in-Suit.

(b)     Not later than **August 13, 2019** (14 days after service of the Preliminary Election of Asserted Claims), Defendants shall serve a Preliminary Election of Asserted Prior Art, which shall assert from prior art previously asserted in its Initial Invalidity Contentions no more than 8 prior art references per patent and not more than a total of 30 references across all Patents-in-Suit.[1]

(c)     Not later than 21 days after the Court enters its Claim Construction Order, Plaintiff shall serve its Final Infringement Contentions, which shall identify from the subset of claims previously identified no more than 5 asserted claims per patent and not more than a total of 22 claims across all Patents-in-Suit.

(d)     Not later than 28 days after service of Final Infringement Contentions, Defendants shall serve Final Invalidity Contentions, which shall identify from the subset of prior art previously identified no more than 3 prior art references per patent and no more than a total of 12 references across all Patents-in-Suit.

The parties agree that upon a showing of diligence, and with due consideration for prejudice, a party may seek to modify the limits on asserted claims and prior art references for good cause shown. Any request to increase these limits must specifically show why the inclusion of additional asserted claims or prior art references is warranted. *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1312–13 (Fed. Cir. 2011). A failure

---

[1] A prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

to seek such a modification will constitute acquiescence to the limits on asserted claims and prior art references.

16.     <u>Case Dispositive Motions</u>.

(a)     All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **July 10, 2020**. Briefing will be presented pursuant to the Court's Local Rules.

(b)     <u>Concise Statement of Facts Requirement</u>.  Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried.  Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis.  To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record.  Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment.  The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried.  Each fact asserted by the opposing party shall also be set forth in separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis.

(c) <u>No early motions without leave</u>. No case dispositive motion under Rule 56 or Daubert motion may be filed more than ten (10) days before the above date without leave of the Court.

(d) <u>Page limits combined with Daubert motion page limits</u>. Each side is permitted to file as many case dispositive and Daubert motions as desired provided, however, that each **SIDE** will be limited to a combined total of **40** pages for all opening briefs, a combined total of **40** pages for all answering briefs, and a combined total of **20** pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each *SIDE*.[2]

17. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

18. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each **SIDE** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine*

---

[2] The parties must work together to ensure that the Court receives no more than a *total* of *250 pages* (*i.e.*, 50 + 50 +25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

19. Pretrial Conference. On **February 8, 2021**, the Court will hold a pretrial conference in Court with counsel beginning at **2:00 pm**. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments.

20. Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) business days before the final pretrial conference. This submission shall be

accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to mn_civil@ded.uscourts.gov.

21.     Trial.  This matter is scheduled for a six day jury trial beginning at **9:30 a.m.** on **February 22, 2021**, with the subsequent trial days beginning at 9:00 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

22.     Email Service.  The parties have consented to service by email, in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.  The parties agree that service on any party by email shall be made on both local and national counsel of that party.

23.     Privilege.  The parties are not required to prepare privilege logs or otherwise schedule documents withheld from production to the extent they (1) relate to activities undertaken in compliance with the duty to preserve information under Fed. R. Civ. P. 26(b)(3)(A) and (B), or (2) are withheld from production on the basis of privilege and/or other exemption or immunity from production and were generated after the filing of the Complaint.

24.     Judgment on Verdict and Post-Trial Status Report.  Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict.  At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

25.     Post-Trial Motions. Unless otherwise ordered by the Court, all ***SIDES*** are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages

- 16 -

of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

                                                                                                 _____
                                                                                                  The Honorable Maryellen Noreika
                                                                                                    United States District Judge

## Appendix A: Proposed Schedule

| EVENT | PROPOSED DEADLINE |
|---|---|
| Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent. | 1/18/19 |
| Disclosure of Custodians, Non-Custodial Data Sources, and Issues Regarding ESI, Third Party Discovery, and Information Subject to Privacy Protections | 3/7/19 |
| Application to Court for E-Discovery Order | 21 days after entry of Scheduling Order |
| Application to Court for Protective Order | 21 days after entry of Scheduling Order |
| Initial Disclosures | 30 days after entry of Scheduling Order |
| Joinder of Other Parties and Amendment of Pleadings | 3/15/19 |
| Defendants shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Additionally, Defendants shall produce source code for Defendants' core accused products (i.e., InsightIDR, InsightVM (Nexpose), Metasploit, InsightAppSec, AppSpider, and Komand). Defendants shall also produce sales figures for the accused product(s). | 3/22/19 |
| Initial Infringement Contentions | 5/24/19 |
| Exchange proposed claim constructions | 5/31/19 |
| Exchange proposed claim constructions | 6/13/19 |
| Joint Claim Construction Chart | 6/27/19 |
| Initial Invalidity Contentions | 6/28/19 |
| Opening Claim Construction Brief (Plaintiff) | 7/26/19 |

1

| EVENT | PROPOSED DEADLINE |
|---|---|
| Plaintiff's Preliminary Election of Asserted Claims (no more than 10 claims/patent and 42 claims across all patents) | 7/30/19 |
| Deadline to depose Plaintiff's claim construction expert (to the extent Plaintiff elects to rely on expert testimony) | 8/9/19 |
| Defendants' Preliminary Election of Asserted Prior Art (no more than 8 prior art references/patent and 30 references across all patents) | 8/13/19 |
| Answering Claim Construction Brief (Defendants) | 8/21/19 |
| Substantial Completion of Document Production | 8/23/19 |
| Deadline to depose Defendants' claim construction expert (to the extent Defendants elect to rely on expert testimony) | 8/28/19 |
| Reply Claim Construction Brief (Plaintiff) | 9/4/19 |
| Sur-Reply Claim Construction Brief (Defendants) | 9/18/19 |
| Joint Claim Construction Brief and any Technology Tutorials | 9/20/19 |
| Claim Construction Hearing | 10/18/19 - 9:00 AM |
| Fact Discovery Cutoff | 12/13/19 |
| Final Infringement Contentions, Final Election of Asserted Claims (5 claims/patent and 22 claims across all patents), and Identification of Accused Products | 21 days after Court issues Claim Construction Order |
| Final Invalidity Contentions and Final Election of Asserted Prior Art (3 prior art references/patent and 12 references across all patents) | 28 days after Final Infringement Contentions |
| Opening/Burden of Proof Expert Reports | 3/24/20 |
| Rebuttal Expert Reports | 4/24/20 |
| Reply Expert Reports | 5/29/20 |
| Close of expert discovery | 6/19/20 |
| Case Dispositive Motions and Daubert Motions | 7/10/20 |

| EVENT | PROPOSED DEADLINE |
|---|---|
| Joint proposed final pretrial order | 2/1/21 |
| Pre-trial Conference | 2/8/21 - 2:00 PM |
| Trial - 6-day Jury | 2/22/21 - 9:30 AM |