# DuaneMorris®

RICHARD L. RENCK
DIRECT DIAL: +1 302 657 4906
E-MAIL: RLRenck@duanemorris.com

May 11, 2020

**BY VIA ECF & HAND DELIVERY**

The Honorable Judge Maryellen Noreika
J. Caleb Boggs Federal Building
844 N. King Street, Unit 19, Room 4324
Wilmington, DE 19801-3555

    Re:    *Finjan, Inc. v. Rapid7, Inc. and Rapid7 LLC,* **Case No. 18-1519-MN (D. Del.)**

Dear Judge Noreika:

    Pursuant to Fed. R. Civ. P. 26 and 37 and Paragraph 8(h) of the Court's Scheduling Order (D.I. 29), Defendants Rapid7, Inc. and Rapid7 LLC ("Rapid7"), respectfully request an order compelling Plaintiff Finjan, Inc. ("Finjan") to produce portions of, and exhibits to, deposition transcripts of Yoav Samet, Philip Hartstein, Yuval Ben-Itzhak, and Daniel Chinn regarding Finjan's intellectual property (the "Disputed Documents") that were produced without redaction by Finjan in another litigation, *Finjan, Inc. v. Cisco Systems, Inc.*, C.A. No. 5:17-cv-00072-BLF-SVK (N.D. Cal.) ("Cisco Action"). The Disputed Documents are identified in Finjan's privilege log, attached as Exhibit A. Rapid7 is not challenging the privilege claim for Finjan-RPD 414376.

    As an initial matter, Finjan may argue Rapid7 has not established the relevance of the Disputed Documents. But, this is a non-sequitur, as Rapid7 does not have access to the withheld portions of the documents. These documents were the subject of four depositions in the Cisco Action involving two of the same asserted patents and two other related patents. Finjan has produced these transcripts and redacted versions of the exhibits in response to Rapid7's discovery requests, but withheld certain portions only on the basis of privilege, not relevance.

    Finjan alleges that the Disputed Documents are protected by attorney-client and work product privilege. However, the deposition transcripts themselves are available to Cisco (Finjan's adversary) in the Cisco Action. Each of the deposition exhibits was produced by Cisco (not Finjan) in the Cisco Action. Despite asserting privilege over the exhibits in this case, Finjan did not have them in its possession. Instead, the source of the exhibits was a former Cisco employee, **Y**oav **S**amet, as evidenced by the documents' Bates numbers in the Cisco Action (i.e., Cisco-Finjan-**YS**). Finjan's privilege log neglects to list Samet as a recipient of most documents – instead listing Finjan's Board of Directors, employees and outside lawyers.

    Mr. Samet possessed these documents even though he was ***not*** a Finjan employee or member of Finjan's Board. Instead, Cisco was an ***investor*** in Finjan with a contractual right to "observe" portions of Finjan's board meetings. Samet Dep., Ex. B, at 23:17-24:20; Chinn Dep., Ex. C., at 38:8-39:17. Cisco designated Mr. Samet as its board observer. Ex. B, at 60:16-23. Finjan thus sent these exhibits beyond the audience identified in its log, to a party (Cisco) and non-lawyer (Samet), who merely had a contractual relationship with Finjan. Finjan (who bears

The Honorable Judge Maryellen Noreika 
May 11, 2020
Page 2

the burden) has no evidence that there was a shared privilege between these parties. Further, the testimony of both Samet and Finjan's Chairman indicates that Finjan's interactions with Cisco when Cisco was an investor in Finjan did not involve patent matters. Ex. B, at 64:2-65:13; 68:12-16 (█████); Ex. C. at 219:1-15; 221:9-222:11 (█████); Ex. G at FINJAN-RPD 419205. Indeed, these very deposition transcripts were created in an *adverse* matter between these parties. All of the Disputed Documents relate to the subject matter of the Cisco Action, and will be presented to the trier of fact in that case. *See* Finjan and Cisco Trial Exhibit Lists, Ex. D.

No Privilege / Work Product Protection. Evidentiary privileges are "strictly construed." *Univ. of Pa. v. EEOC*, 493 U.S. 182, 189 (1990). The party claiming privilege "bears the burden of establishing the privilege." *Del. Display Grp. LLC v. Lenovo Grp. Ltd.*, 2016 U.S. Dist. LEXIS 21461, at *6-7 (D. Del. Feb. 23, 2016). Attorney-client communications are privileged if they are made in confidence. *Id.* at *13 (citation omitted). "'[I]f a client subsequently shares a privileged communication with a third party, then it is no longer confidential.'" *Id*.

An exception to waiver of attorney-client privilege is the common interest doctrine. The interest "must be 'identical, not similar, and be legal, not solely commercial.'" *Leader Techs., Inc. v. Facebook, Inc.*, 719 F. Supp. 2d 373, 376 (D. Del. 2010) (citations omitted). A common interest may exist "where [entities] are co-defendants or are involved in or anticipate joint litigation." *Union Carbide v. Dow Chemical,* 619 F. Supp. 1036 (D. Del. 1985). To show they are "'allied in a common legal cause,' the party asserting the privilege bears the burden of showing 'that the disclosures would not have been made but for the sake of securing, advancing, or supplying legal representation.'" *Del. Display*, 2016 U.S. Dist. LEXIS 21461, at *14.

Finjan claims the Disputed Documents are privileged based on its alleged confidential relationship with Cisco. This relationship was defined by the Investors' Rights Agreement ("IRA"), whereby Cisco obtained the right to send an observer to Finjan's board meetings. Ex. E, at Section 2.7. Finjan argues Cisco's board observer received these documents subject to a strict NDA, but Finjan has not shown such an NDA exists. The NDA Finjan produced in this case is Cisco's "standard mutual NDA." Ex. F, NDA. This NDA predates the IRA, relates only to "█████," and "█████" *Id.*[1] Unlike the agreements in *MobileMedia Ideas LLC v. Apple Inc.*, 890 F. Supp. 2d 508, 517-18 (D. Del. 2012), nowhere in either of Finjan's agreements does it say that Cisco was required to maintain Finjan's ***privileged information***. In fact, the IRA says the opposite – it says Finjan's "█████

---

[1] To the extent that Finjan points to the NDA referenced during Samet's deposition (Ex. B, at 194:6-13), that NDA was executed in 2014, nearly a decade *after* Finjan provided the Disputed Documents to Cisco. *See* Ex. H.



███████████████████████████.” The primary purpose of the right to exclude is to preserve the company's attorney-client privilege. *See* Ex. C, at 223:9-224:9 ("█████████████████████████████████████████████████████████████████████████████████████"). Thus, Finjan had a mechanism to maintain privilege and chose not to.

Further, any interest in Finjan's patent litigation plans that Cisco had as an investor was a commercial interest that is insufficient for privilege protection. *Del. Display*, 2016 U.S. Dist. LEXIS 21461, at *17 (finding no privilege where plaintiff argued "the same interest in obtaining strong and enforceable patents" existed). Likewise, "Plaintiffs have not identified any case which holds that a mere right to receive a royalty, along with the obvious 'interest' in receiving that royalty, suffices to create a shared, identical legal interest." *Id.* Further, "a voluntary disclosure of the opinion of counsel to a third party in order to gain a competitive advantage in the marketplace evidences 'tactical employment' of the attorney-client privilege," which "would be unfair to [Finjan's] present adversaries to continue to cloak the disclosed materials with the attorney-client privilege." *Gtech Corp. v. Sci. Games Int'l, Inc.*, 2005 U.S. Dist. LEXIS 56099, at *7 (D. Del. Nov. 22, 2005). Finjan's disclosure to Cisco was not in an effort to formulate a joint defense. *See Corning Inc. v. SRU Biosystems, LLC*, 223 F.R.D. 189, 190-91 (D. Del. 2004).

Additionally, "[a]n exception to the work product doctrine applies when the documents sought are prepared in the ordinary course of business." *Immersion Corp. v. HTC Corp.*, No. 12-259-RGA, 2014 U.S. Dist. LEXIS 108856, at *4-5 (D. Del. Aug. 7, 2014); Fed. R. Civ. P. 26(b)(3)). For work product protection to apply, a court must find that "the primary purpose behind its creation was to aid in possible future litigation." *Id.* at *5. *See Acceleration Bay LLC v. Activision Blizzard, Inc.*, 2018 U.S. Dist. LEXIS 21506, at *5-6 (D. Del. Feb. 9, 2018) (documents shared "'for the purpose of obtaining funding to assert [the] patents'. . . and before Plaintiff filed any litigation" are not work product).

<u>Any Privilege/Work Product Protection Was Waived</u>. Finjan sued Cisco on its intellectual property discussed in the Disputed Documents. By definition, Finjan and Cisco are adversaries specifically relating to the subject matter in the Disputed Documents. "Any disclosure to an adversary absent direct judicial compulsion is a voluntary disclosure." *Micron Tech. v. Rambus Inc.*, 2006 U.S. Dist. LEXIS 108518, at *63 (D. Del. Mar. 6, 2006). Thus, even if the Court finds that the Disputed Documents were initially privileged, any privilege was waived once the parties became adversaries. "[O]nce privileged materials are turned over to an adversary, the confidential nature of the materials and the privilege as to third parties is waived even if the initial disclosure was subject to a confidentiality agreement." *Id.* at *63-64.

Likewise, work-product protection is lost when disclosure to third parties "enable[s] an adversary to gain access to the information." *Westinghouse Elec. Corp. v. Republic of Phil.*, 951 F.2d 1414, 1428 (3d Cir. 1991). "A party cannot selectively share work-product and then expect it to remain as a shield." *Advanced Micro Devices, Inc. v. Intel Corp. (In re Intel Corp. Microprocessor Antitrust Litig.*), 2008 U.S. Dist. LEXIS 125410, at *27-29 (D. Del. Mar. 6, 2008) (internal citations omitted). Here, the deposition transcripts were created in the very case in which the parties are adversaries. Further, both parties have identified the unredacted versions of the disputed deposition exhibits as trial exhibits to be presented to the jury in the Cisco Action. Thus, these documents cannot be the protected work product of one of the adversaries.

███████████████████████████████████████████████
███████████████████████████████████████████████

The Honorable Judge Maryellen Noreika
May 11, 2020
Page 4



             Very truly yours,

             */s/ Richard L. Renck*
             Richard L. Renck (#3893)

             *Counsel for Rapid7, Inc. and Rapid7 LLC*

RLR/chp
Attachments