```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE


 FINJAN, INC., et al.,       )
                             )
         Plaintiffs,         )
                             ) C.A. No. 17-1519-MN
 v.                          )
                             )
 RAPID7, INC., et al.,       )
                             )
         Defendants.         )


                  Friday, May 15, 2020
                  2:00 p.m.
                  Teleconference


                  844 King Street
                  Wilmington, Delaware


 BEFORE:  THE HONORABLE MARYELLEN NOREIKA
          United States District Court Judge



 APPEARANCES:


          POTTER ANDERSON & CORROON, LLP
          BY:  PHILIP A. ROVNER, ESQ.

          -and-

          KRAMER LEVIN NAFTALIS & FRANKEL LLP
          BY:  AARON FRANKEL, ESQ.

                     Counsel for the Plaintiffs


          DUANE MORRIS LLP
          BY:  RICHARD L. RENCK, ESQ.
          BY:  DAVID DOTSON, ESQ.

                     Counsel for the Defendants
```

```
                              - - - - - - - -
```

01:59:23  THE COURT:  Good afternoon, counsel.  Who is there, please?

02:00:23  MR. ROVNER:  Good afternoon, Your Honor.  For plaintiff Finjan, it's Phil Rovner from Potter Anderson.  And with me on the line from Kramer Levin is Aaron Frankel.

02:00:34  THE COURT:  Welcome.

02:00:36  MR. RENCK:  Good afternoon, Your Honor.  It's Richard Renck from Duane Morris for defendant, Rapid7.  I also have on the line with me my partner, David Dotson.

02:00:47  THE COURT:  Welcome to you as well.

So I have reviewed the letters about the discovery issue we have and the privilege issue and I guess my first question is, is it the case that the court out in California is deciding this very issue, or is there something different?

Let me hear from the plaintiff first on that.

02:01:18  MR. FRANKEL:  Your Honor, Aaron Frankel.  It's the same exact issue, it's the same documents, the same arguments.

02:01:25  THE COURT:  Okay.  And do defendants agree on that?

02:01:30  MR. DOTSON:  Your Honor, David Dotson for Rapid7.  We do agree and I would -- just to make the Court

```
02:01:37  1    aware the reason that wasn't mentioned in the letter brief
02:01:40  2    was because we tried to reach agreement prior to filing this
02:01:43  3    dispute in the Northern District of California with Finjan
02:01:47  4    that the Northern District of California's result would
02:01:51  5    apply and Finjan declined.  And there has been no decision
02:01:54  6    at that court yet so we didn't feel like that was something
02:01:57  7    that was relevant given the parties tried to reach agreement
02:02:00  8    on that.  But yes, it is the same dispute.
02:02:03  9              THE COURT:  So Mr. Frankel, let me understand
02:02:05 10    your thinking there.  You guys are the ones who raised it.
02:02:10 11    This is the issue that's being decided.  Why is it two
02:02:15 12    judges have to decide it and if the defendants are willing
02:02:17 13    to agree just allow whatever the court out there does to
02:02:23 14    govern this dispute in both of the cases?
02:02:27 15              MR. FRANKEL:  Your Honor, I think that's the
02:02:29 16    right way to proceed here.  What counsel for Rapid7 is
02:02:37 17    referring to discussions from a month or two ago, long
02:02:40 18    before the issue was presented to the court in California.
02:02:43 19    There are, of course, some differences in the cases, but it
02:02:51 20    apparently had that initial discussion.  It wasn't clear how
02:02:53 21    the issue would be presented in either court.  We think --
02:02:59 22              THE COURT:  Okay.  So I think that what I would
02:03:03 23    prefer to do, and I can give the judge out there a call just
02:03:07 24    to make sure that this isn't something that's going to drag
02:03:11 25    out for a long time, but I can't imagine that it is.  But I
```

think for now what I would like to do is given that the
parties both agree that that ruling should apply in the case
that she's deciding as well as this case, I'll let that play
out and I'll just ask you guys to either submit to me a
status report that tells me when the judge rules and give me
a copy of that ruling, or if you haven't gotten a ruling in
let's say thirty days, submit to me a joint status report
that tells me that.  Does that work?  Are you still there?

          MR. DOTSON:  This is David Dotson with Rapid7.
I think that does work.  I suppose the only issue might be
that, and Mr. Frankel can correct me if I'm wrong, but I
believe it's a magistrate judge out in California that's
handling that issue, so I don't know if Your Honor would
prefer that we wait until it's fully resolved, if there are
objections from one party or the other to bring the issue
before the -- before Judge Freeman out there, or if we
should just notify Your Honor as soon as we hear anything
from the magistrate judge.

          THE COURT:  Why don't you let me know when you
hear it from the magistrate judge, and then we can decide
whether -- how we're going to go forward once we see what
happens and whether there are objections filed.  And we can
figure out what makes sense in terms of the schedule in this
case.  But I think it makes sense given that she has it, she
has the documents that she's looking at in camera that we

```
02:05:01  1    let that one play out for a little bit.
02:05:08  2             MR. FRANKEL:  Your Honor, Aaron Frankel.
02:05:11  3    Understood.  And I just wanted to clarify my previous
02:05:15  4    remarks.  Of course, Finjan does reserve the right to object
02:05:19  5    potentially to the magistrate judge's decision in the
02:05:22  6    California case.
02:05:25  7             THE COURT:  I understand that.  And look, let's
02:05:31  8    see what the timing is.  If the judge comes out, there are
02:05:35  9    objections filed and Judge Freeman can deal with them
02:05:38 10    quickly, that's great.  And if not, and it's going to cause
02:05:42 11    some problems here, I can always look at the magistrate
02:05:45 12    judge's decision and decide whether we can -- I want to
02:05:48 13    essentially use that as a report and recommendation, and you
02:05:51 14    guys can tell me what's wrong with it and I can issue my own
02:05:55 15    decision.  But let's figure that out when we see what's
02:05:59 16    going on.  Right now it seems like an inefficient use of the
02:06:04 17    Court's resources to do the same thing at the same time.
02:06:10 18    Okay?
02:06:15 19             MR. DOTSON:  This is David for Rapid7.
02:06:17 20    Understood.  Thank you.
02:06:18 21             THE COURT:  Thanks very much, everyone.  Take
02:06:20 22    care.  Have a good weekend.
02:06:22 23             MR. ROVNER:  Thank you, Your Honor.
02:06:23 24             MR. RENCK:  Thank you, Your Honor.
02:06:24 25             (Teleconference concluded at 2:06 p.m.)
```

I hereby certify the foregoing is a true and accurate transcript from my stenographic notes in the proceeding.

/s/ Dale C. Hawkins
Official Court Reporter
U.S. District Court