**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

FINJAN, INC., a Delaware Corporation,

Plaintiff,

v.

RAPID7, INC., a Delaware Corporation and RAPID7 LLC, a Delaware Limited Liability Company,

Defendants.

C.A. No. 1:18-cv-01519-MN

Jury Trial Demanded

**OPENING BRIEF IN SUPPORT OF MOTION TO EXTEND CASE SCHEDULE**

Dated: June 4, 2020

***OF COUNSEL:***

L. Norwood Jameson
Matthew C. Gaudet
David C. Dotson
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 2000
Atlanta, GA 30309
Tel.: (404) 253-6900
Fax: (404) 253-6901
wjameson@duanemorris.com
mcgaudet@duanemorris.com
dcdotson@duanemorris.com

Jordana Garellek
**DUANE MORRIS LLP**
Duane Morris LLP
1540 Broadway
New York, NY 10036-4086
Tel.: (212) 471-1829
Fax: (212) 214-0889
jgarellek@duanemorris.com

**admitted pro hac vice*

Richard L. Renck (No. 3893)
**DUANE MORRIS LLP**
222 Delaware Avenue,
Suite 1600
Wilmington, DE 19801-1659
Tel.: (302) 657-4900
Fax: (302) 657-4901
RLRenck@duanemorris.com

*Counsel for Defendants*
*Rapid7, Inc. and Rapid7 LLC*

# TABLE OF CONTENTS

**Tab**


I. NATURE AND STAGE OF THE PROCEEDINGS .......... 1

II. SUMMARY OF ARGUMENT .......... 1

III. STATEMENT OF FACTS .......... 2

IV. ARGUMENT .......... 3

A. Legal Standard .......... 3

B. Good Cause Exists for Amending the Schedule .......... 4

1. In-Person Meetings Among Experts, Counsel, and Engineers .......... 5

2. Review of Pertinent Source Code .......... 6

C. Virtual Meetings and Remote Source Code Review Are Not Reasonable Options in This Case .......... 8

D. There is No Prejudice to Finjan .......... 10

V. CONCLUSION .......... 12

# TABLE OF AUTHORITIES

## Cases

*Dickerson v. KeyPoint Gov't Sols., Inc.*, C.A. No. 16-657-RGA-MPT, 2017 WL 2457457 (D. Del. June 7, 2017) ... 4, 7

*Finjan, Inc. v. Cisco Systems Inc.*, C.A. No. 5:17-cv-00072-BLF (N.D. Cal.) ... 11

*Finjan, Inc. v. SonicWall, Inc.*, C.A. No. 5:17-cv-04467-BLF (N.D. Cal.) ... 11

*Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57 (3d Cir. 2010) ... 3

## Other Authorities

FED. R. CIV. P. § 16(b)(4) ... 3

Local Rule 16.4 ... 3

## I. NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement matter that was filed October 1, 2018, in which Plaintiff, Finjan, Inc. ("Finjan") has sued Defendants Rapid7, Inc. and Rapid7 LLC (collectively "Rapid7) for infringement of seven United States Patents. D.I. 1. Fact discovery has closed, and the Parties' Opening Expert Reports are currently due June 15, 2020, with Rebuttal Expert Reports due July 17, 2020. D.I. 139. Expert discovery currently closes September 1, 2020. *Id.*

## II. SUMMARY OF ARGUMENT

1. Rapid7 respectfully requests that the Court extend the remaining deadlines in this matter, starting with Rebuttal Expert Reports and including the trial date, as a result of complications resulting from the ongoing COVID-19 pandemic. Rapid7's proposed deadlines are as follows:

| Deadline | Current Date | Rapid7's Proposal |
|---|---|---|
| Opening/Burden of Proof Expert Reports | 6/15/20 | same |
| Rebuttal Expert Reports | 7/17/20 | 11/13/20 |
| Reply Expert Reports | 8/10/20 | 12/9/20 |
| Close of expert discovery | 9/1/20 | 1/15/21 |
| Opening letter briefs seeking permission to file summary judgment motions | 9/4/20 | 1/22/21 |
| Answering letter briefs regarding requests to file motions for summary judgment | 7 days after opening letter brief | 7 days after opening letter brief |
| Case Dispositive Motions (if permitted) and Daubert Motions | 9/25/20 | 2/19/21 |
| Joint Proposed final pretrial order | 2/1/21 | 6/14/21 |
| Pre-trial Conference | 2/08/21 – 2 PM | 6/21/21 (or at the Court's convenience) |
| Trial – 6-day Jury | 2/22/21 – 9:30 AM | 6/28/21 (or at the Court's convenience) |

2. Good cause exists for extending the deadlines, as explained herein, and there is no prejudice to Finjan.

## III. STATEMENT OF FACTS

The Parties have twice stipulated to extend the expert report and expert discovery deadlines in this case in view of the COVID-19 pandemic and resulting shelter in place laws. D.I. 132, 138. The reason for the stipulations included the fact that Rapid7's facilities had been closed through June 1, 2020, as the Parties noted in the stipulations: "[t]he COVID-19 pandemic and resulting shelter in place laws have created further substantial impediments to the ability of the Parties and their experts to complete expert reports on the current schedule. This includes the inability for experts to travel to access Defendants' source code, as Defendants' facilities are currently closed through June 1, 2020." D.I. 138 at 1.

Rapid7 has now extended the general closure of its facilities and the related travel ban for its employees through August 2020 in view of the COVID-19 pandemic. Ex. 1, Rapid7 Return to Workplace Town Hall Update at 2-4.[1] Rapid7's headquarters are in Boston, MA, as are the stand-alone, non-networked source code review computers created for this matter pursuant to the Court's Protective Order. D.I. 33 at ¶ 8.1(a), (b). The state of Massachusetts presently instructs "all travelers arriving to Massachusetts . . . to self-quarantine for 14 days." Ex. 2, Mass.gov Travel Information related to COVID-19 at 1. Further illustrating the approach of the state of Massachusetts, the District of Massachusetts also recently issued a Second Supplemental Order Concerning Jury Trials and Related Proceedings continuing all jury trials in the District of Massachusetts scheduled on or before September 8, 2020 in view of the COVID-19 pandemic.

[1] The term "Moose" in Ex. 1 refers to Rapid7's employees.

Ex. 3, May 27, 2020 D. Mass. General Order 20-21 at ¶ 1. The offices of Rapid7's outside counsel likewise remain closed.

Rapid7's technical expert witnesses are located in California, Pennsylvania, and Wisconsin, and its outside counsel are located in Atlanta, New York, and Delaware. Rapid7's engineers who were deposed in this matter are located primarily in Boston, with some located in other states and Canada.

The Court has instructed the parties that the presently-scheduled Summary Judgment letter briefing process cannot be extended further without the Parties losing their trial date. Ex. 4, April 16, 2020 Email form D. Welham to P. Rovner and R. Renck.

In addition to email communications on the topic, on May 28, 2020, David Dotson (on behalf of Rapid7) and Aaron Frankel (on behalf of Finjan) met telephonically to discuss the scheduling matters addressed in this motion, and on May 29, 2020, Delaware counsel for each of the parties (Mr. Renck for Rapid7 and Mr. Rovner for Finjan) met separately by telephone to discuss the instant dispute. Following these meet and confer efforts, counsel for Finjan indicated that Finjan would not agree to moving the trial date, and did not offer any counter-proposal regarding Rapid7's proposed dates.[2] Ex. 5, June 2, 2020 Email from A. Frankel to D. Dotson.

## IV. ARGUMENT

### A. Legal Standard

Local Rule 16.4 provides that "[u]nless otherwise ordered, a request for an extension of deadlines for completion of discovery or postponement of the trial shall be made by motion or stipulation prior to expiration of the date deadline, and shall include the following: (a) The reasons for the request; and (b) Either a supporting affidavit by the requesting counsel's client or

[2] The undersigned counsel certifies his good faith belief that the meet and confer efforts described in this paragraph satisfy Local Rule 7.1.1.

a certification that counsel has sent a copy of the request to the client." L.R. 16.4.[3] Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The burden is on the moving party to 'demonstrate good cause and due diligence.'" *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). "Good causes exists 'when the schedule cannot reasonably be met despite the diligence of the party seeking the extension.'" *Dickerson v. KeyPoint Gov't Sols., Inc.*, C.A. No. 16-657-RGA-MPT, 2017 WL 2457457, at *4 (D. Del. June 7, 2017).

The District of Delaware's May 27, 2020 Modified Standing order in Re: Court Operations Under the Exigent Circumstances Created by COVID-19 provides that "Judicial officers may apply the principles of flexibility and accommodation to reasonable requests for filing or scheduling adjustments necessitated by reasonable and fact-based travel, health or safety concerns, or advice or directives of public health officials." May 27, 2020 D. Del. Modified Standing Order at 2.

**B. Good Cause Exists for Amending the Schedule**

In view of the COVID-19 pandemic, Rapid7 cannot reasonably meet the deadlines imposed by the current case schedule. As set forth below, the ability for Rapid7 and its experts to effectively rebut Finjan's forthcoming opening expert reports, particularly on the issue of infringement, has been severely hampered, and the remaining deadlines in this case should be extended in order to avoid undue prejudice. The fallout from the COVID-19 pandemic makes it nearly impossible for Rapid7's experts, employees, and/or counsel to have any in-person

[3] Counsel for Rapid7 hereby certifies that a copy of this request for extension of time has been sent to Rapid7.

discussions (even rendering virtual communications much more cumbersome), and likewise makes it nearly impossible for Rapid7's experts and outside counsel to access and review source code for this case, which is on stand-alone computers located in Boston, MA.

Finjan already acknowledged, when the Parties previously twice stipulated to extend expert reports and discovery, that "[t]he COVID-19 pandemic and resulting shelter in place laws have created . . . substantial impediments to the ability of the Parties and their experts to complete expert reports. This includes the inability for experts to travel to access Defendants' source code, as Defendants' facilities are currently closed through June 1, 2020." D.I. 138 at 1. These "substantial impediments" remain, as Rapid7 has now extended the general closure of its facilities and the related travel ban for its employees from June 1, 2020, through August 2020 in view of the COVID-19 pandemic. Ex. 1, Rapid7 Return to Workplace Town Hall Update, at 3-4. Further, Massachusetts – where Rapid7 is headquartered and where the stand-alone source code review computers are located – has a 14-day self-quarantine requirement for anyone travelling to Massachusetts. Ex. 2, Mass.gov Travel Information related to COVID-19, at 1.

**1. In-Person Meetings Among Experts, Counsel, and Engineers**

In order to defend a case of this scope and effectively and efficiently prepare rebuttal expert reports, in-person meetings between experts, outside counsel, and Rapid7 employees is standard practice. All of Rapid7's experts, outside counsel, and even some of Rapid7's engineers who were deposed in this case are not local to Boston. Thus, any in-person meetings involving Rapid7's out-of-state experts, outside counsel, or employees with Rapid7's Boston-based employees or in-house lawyers would require those out-of-state participants to self-quarantine for 14 days upon arrival in Boston, and it would also require the Rapid7 employees to circumvent Rapid7's office closure and travel ban. More importantly, it would require potentially jeopardizing the health of all involved with in-person meetings, particularly

considering the air travel that would be required of Rapid7's experts, outside counsel, and some of its engineers.

**2. Review of Pertinent Source Code**

The inability of Rapid7's experts and outside counsel to access and review the source code for the accused products is an even bigger concern. Finjan has taken the position from the very beginning of this case that the source code is important. January 30, 2019 Transcript of Scheduling Conference at 4:7-11 ("Source code is needed to show how these products work. A lot of the operations of this type of technology is on the back end, so all these type of cases we always get source code…"). Finjan and its experts have reviewed Rapid7's source code on the stand-alone review computers in Boston multiple times throughout fact discovery, and Finjan cites source code in its Final Infringement Contentions.

Upon receipt of Finjan's opening expert reports on the issue of infringement, Rapid7's counsel and experts will need to review Finjan's arguments and travel to Boston so that they may analyze any cited source code, and any related source code necessary for context or rebuttal of Finjan's infringement positions. Rapid7's experts and counsel must do this for each of the seven accused products for each of the seven asserted patents (as applicable). Likewise, Rapid7's experts will need to confer with Rapid7's engineers regarding any questions or issues that arise relating to the source code and other operational aspects of the accused products. This needs to be done in-person with access to the non-networked source code review computers to be effective. This is a massive undertaking under normal conditions. Under the current schedule, and in view of the COVID-19 pandemic, it is not reasonably possible.

Rebuttal expert reports are presently due July 17. As things currently stand, Rapid7's technical experts – who are located in California, Pennsylvania, and Wisconsin – will not be able to access to Rapid7's source code review computers along with Rapid7's engineers and counsel

until early September, when Rapid7 is currently scheduled to re-open its offices. Even then, it is not known whether anyone travelling to Boston will still need to quarantine for 14 days per Massachusetts requirements before reviewing the source code or meeting with Rapid7 employees.

If the current schedule remains in place, the Parties will serve Opening/Burden of Proof Expert Reports (including Finjan's Opening expert reports on infringement) on June 15, 2020. Rebuttal expert reports are due July 17, 2020 (i.e., 32 days later). In order to access the source code review computers in Boston, MA, and meet with Rapid7 engineers to assist with any source-code related issues, Rapid7's experts and outside counsel (and potentially certain Rapid7 engineers not located in Boston) would need to travel to Boston and self-quarantine for 14 days, and Rapid7's employees would have to bypass the company's restrictions relating to travel and working from home. The timeframe for responding to Finjan's expert reports would be nearly half over by the expiration of the self-quarantine period. In other words, Rapid7's experts and outside counsel would spend nearly half of the available time between opening and rebuttal expert reports in self-quarantine in Boston, just to effectively analyze whatever source code Finjan ultimately decides to utilize in its opening expert reports. Such a result would be highly prejudicial to Rapid7's ability to prepare its rebuttal expert reports on the issue of infringement, and would be unduly burdensome and expensive for Rapid7. In view of all of these complications arising from COVID-19, the current schedule simply cannot "reasonably be met". *Dickerson,* 2017 WL 2457457, at *4. Rapid7's request for an extension of the deadlines is necessitated by reasonable and fact-based travel, health and safety concerns, and the directives of the officials of Massachusetts, as well as company policy designed to protect the health and safety of Rapid7's employees and their families.

### C. Virtual Meetings and Remote Source Code Review Are Not Reasonable Options in This Case

Finjan may argue that Rapid7 should be able to coordinate its rebuttal expert reports without any travel to Boston – *e.g.*, via telephone or video conferencing. While a certain amount of "virtual" coordination is possible, given the expansive nature of this case and what will undoubtedly be a substantial damages demand from Finjan, Rapid7 should not have to defend its case as Finjan sees fit due to circumstances outside of Rapid7's control. This is particularly true where Rapid7's requested extension creates no discernable prejudice to Finjan.

When it comes to complex technical issues, such as discussions between experts and engineers related to highly-confidential source code, there is no substitute to the efficiency and effectiveness of in-person meetings where both participants can sit in front of the same information and discuss it live. This is particularly the case for highly confidential source code that is not permitted to be transmitted electronically (e.g., emailed) to facilitate virtual discussions. Thus, given that the source code review computers are non-networked computers pursuant to the Court's Protective Order, in-person discussion with Rapid7's engineers and the non-networked source code computers is the most effective way to investigate any issues related to the source code. Moreover, given shelter-in-place requirements and the fact that Rapid7's employees are not currently allowed to work from Rapid7's offices, coordinating efforts even virtually presents unique challenges at this time. As one example, familial and child care obligations in view of COVID-19 can create difficult and unreliable scheduling dynamics.

Regarding the source code more specifically, Finjan may argue that Rapid7 should set up a remote source code review platform accessible by its experts and outside counsel in lieu of the required non-networked review computers. The Protective Order in this case recognizes the stringent security precautions necessary to protect source code, setting forth that source code

review should take place on a stand-alone, non-networked source code review computers, with strict restrictions on who is permitted to access the source code review computers (and how), and restrictions on the printing of portions of source code. D.I. 33 at ¶ 8. Rapid7 is a security company, and unauthorized disclosure of its source code – even if accidental – could be detrimental to Rapid7's business and reputation.

Not surprisingly, Rapid7 does not allow third parties to have remote access to its source code, and such an approach was never contemplated in this case nor even suggested by Finjan during the negotiation of the Protective Order. Further, setting up a remote source code review at this juncture of the litigation would be unduly burdensome in view of the requested extension that would remedy these issues. Since Rapid7's facilities are closed, coordinating any potential remote access (and related security precautions) of source code will be extremely difficult and time-consuming, and would require (at a minimum) multiple Rapid7 employees bypassing Rapid7's requirement that its employees stay home for health and safety reasons. Further, the source code for this case had to be imaged and set up for review on the stand-alone review computers, pursuant to the Court's Protective Order, and at significant effort by Rapid7. Finjan's attorneys and experts used those stand-alone review computers to identify what they believe is pertinent portions of the source code and to formulate their infringement theories, including printing out hundreds of pages of source code that Finjan had the opportunity to use during depositions of Rapid7's engineers. Rapid7's experts need to have access to the same source code images on the stand-alone source code computers Finjan is relying upon, *e.g.*, to avoid any disputes or confusion about the applicable source code.[4]

[4] To be clear, Rapid7's experts will need to review more than just the portions of the source code Finjan's experts elected to print. First, Finjan may attempt to cite in its opening expert reports additional portions of the source code that were not printed (whether permissible or not).

Rapid7 should not be required to risk the health and safety of its employees and the security of its source code (as recognized by the Court's Protective Order) to attempt to set up a remote source code review on short notice, all to accommodate a trial date that has become unworkable in view of the COVID-19 pandemic. Rapdi7's requested extension of only a few months should remedy these issues. Likewise, Rapid7 should not have its defense efforts hamstrung as the result of a pandemic that is out of Rapid7's control, particularly for a case of this magnitude and complexity.

### D. There is No Prejudice to Finjan

Finjan stated during the Parties' meet and confer that it simply would not agree to move the trial date. Finjan did not articulate any prejudice that would result from Rapid7's requested extension, and given that there is no more room in the schedule to move expert reports and expert discovery without losing the currently-scheduled trial date, there is no other option but to move the trial date. Ex. 4, April 16, 2020 Email form D. Welham to P. Rovner and R. Renck.

To the extent Finjan argues that it will be impacted financially if the trial date is moved, Finjan and Rapid7 are not competitors. Finjan appears to advertise a single product on its website, the InvinciBull VPN mobile web browser. https://www.finjan.com/our-businesses. Rapid7 does not sell a VPN or mobile web browser product, and of course, no such product has been accused of infringement. Moreover, Rapid7 (and most other businesses) likewise has been impacted financially by the COVID-19 pandemic.[5] The wide-ranging economic impact of this pandemic is, unfortunately, an unavoidable reality.

---

Second, the source code must be understood within the context of surrounding source code that Rapid7's experts need to be able to access as they rebut Finjan's opening expert reports.

[5] *Compare* Ex. 7, Rapid7 Announces Fourth Quarter and Full-year 2019 Financial Results, at 3-4, *with* Ex. 8, Rapid7 Announces First Quarter 2020 Financial Results, at 3-4 (Showing reduction

To the extent Finjan disputes the length of the requested extension, Rapid7's request is reasonable. Rapid7 seeks to avoid a situation where it must return to the Court to seek additional relief on the schedule. The best-case scenario is that Rapid7's facilities re-open September 1, 2020. It is possible that this date could be extended further if the pandemic conditions do not improve. Moreover, even in the best-case scenario, the re-opening of Rapid7's facilities will be phased, with many restrictions in place that will still make it cumbersome for the legal team, Rapid7 employees, and Rapid7's experts to interact and collaborate. Ex. 1, Rapid7 Return to Workplace Town Hall Update, at 3. It is also unknown whether the 14-day self-quarantine requirement of Massachusetts will remain in place at that time, potentially complicating travel to Boston even when Rapid7 does re-open its offices, as noted above. These factors will complicate the preparation of rebuttal expert reports, making it more inefficient and time-consuming than usual.

Additionally, there are two other long-pending Finjan cases (both filed well over a year before this case) with significant conflicting deadlines in September and October 2020. Specifically, in the *Finjan v. Cisco* matter, which was filed January 6, 2017, trial is scheduled to begin October 19, 2020 and extend through November 6, 2020. *Finjan, Inc. v. Cisco Systems Inc.*, C.A. No. 5:17-cv-00072-BLF (N.D. Cal.), at Dkt. No. 646. At least four of Finjan's expert witnesses in the Rapid7 case, and four out of five of Rapid7's experts are also involved in the *Cisco* case. Thus, it will be nearly impossible for these experts to work on expert reports for another matter, much less prepare for and sit for depositions for another matter, during this timeframe. In the *Finjan v. SonicWall* matter, which was filed August 4, 2017, Opening expert

in full year 2020 guidance on AAR revenue year-over-year growth (from 24%-26% to 14%-20%) and revenue year-over-year growth (from 21%-24% to 19%-21%)).

reports are due September 4, 2020, Rebuttal expert reports due October 5, 2020, and the close of expert discovery is November 3, 2020. *Finjan, Inc. v. SonicWall, Inc.*, C.A. No. 5:17-cv-04467-BLF (N.D. Cal.), at Dkt. No. 246. Outside counsel for both Finjan and Rapid7 are involved in the *Finjan v. SonicWall* matter, as will be at least some of the same expert witnesses. Accordingly, Rapid7 has tailored its requested extension to address these significant concerns without prejudicing either Finjan or Rapid7's ability to effectively prosecute and defend this case.

Finally, it is noteworthy that Finjan first initiated pre-suit discussions with Rapid7 in March of 2016, including a period of well over a year (from September of 2016 to January of 2018) during which Rapid7 did not hear anything from Finjan. Ex. 6, February 26, 2020 Depo. Tr. of John Garland at 136:15-137:16. Finjan ultimately sued Rapid7 in October of 2018. D.I. 1. Extending the trial date by 4 months due to an ongoing pandemic – in view of the fact that Finjan previously shelved pre-suit discussions for over a year –cannot be said to be unreasonable or prejudicial to Finjan.

## V.   CONCLUSION

For the foregoing reasons, Rapid7 respectfully requests that the Court enter an order extending the remaining case deadlines, as set forth above.

*[SIGNATURE PAGE FOLLOWS.]*

Dated: June 4, 2020

**DUANE MORRIS LLP**

/s/ *Richard L. Renck -*
Richard L. Renck (I.D. No. 3893)
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801
Tel.: (302) 657-4900
Fax: (302) 657-4901
rlrenck@duanemorris.com

*Counsel for Defendants*
*Rapid7, Inc. and Rapid7 LLC*

***OF COUNSEL:***

L. Norwood Jameson
Matthew C. Gaudet
David C. Dotson
John R. Gibson
Robin McGrath
Jennifer H. Forte
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 2000
Atlanta, GA 30309
Tel.: (404) 253-6900
Fax: (404) 253-6901
wjameson@duanemorris.com
mcgaudet@duanemorris.com
dcdotson@duanemorris.com
jrgibson@duanemorris.com
rlmcgrath@duanemorris.com
jhforte@duanemorris.com

Jarrad M. Gunther
**DUANE MORRIS LLP**
30 South 17th St.
Philadelphia, PA 19103-4196
Tel.: (215) 979-1837
Fax: (215) 689-4921
jmgunther@duanemorris.com

Jordana Garellek
**DUANE MORRIS LLP**
1540 Broadway
New York, NY 10036-4086
Tel.: (212) 471-1829
Fax: (212) 214-0889
jgarellek@duanemorris.com

**admitted pro hac vice*