**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FINJAN, INC., a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| RAPID7, INC., a Delaware Corporation and | ) | C.A. No. 18-1519-MN |
| RAPID7 LLC, a Delaware Limited Liability | ) | |
| Company, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF FINJAN, INC.'S OPPOSITION TO DEFENDANTS RAPID7, INC.
AND RAPID7 LLC'S MOTION TO EXTEND CASE SCHEDULE**

## I.     INTRODUCTION

The Rapid7 Defendants' Motion to Extend Case Schedule (D.I. 144, "Motion") should be denied because Rapid7 has not shown good cause to postpone the February 2021 trial.  Finjan is sensitive to the disruption caused by COVID-19 and, accordingly, has already twice agreed to extend the case schedule because of the pandemic, and the parties reached agreement on several prior modifications to the case schedule.  Finjan is not opposed to further adjustment to the schedule, so long as it does not involve Finjan losing its long-awaited trial date.  However, Rapid7's Motion seeks to move the trial by at least four months and possibly much longer depending on the Court's availability.  At this point, no one knows what impact COVID-19 will have on the Court or the parties' business operations in August 2020, let alone in February 2021 eight months from now.  Therefore, it is premature to release the trial date.

Rapid7's requested expansive modification to the case schedule is particularly unwarranted in view of the absence of compelling justification at this time.  Rapid7's primary argument is that the closure of its offices could impede the ability of its expert to review source code in person.  However, notably absent from Rapid7's Motion is any claim that it is unable to

remotely access its source code. To the contrary, Rapid7's operations are continuing apace remotely, as evidenced by the extensive updates Rapid7 has released for the accused products since the onset of COVID-19, including new features, enhancements, modules, and bug fixes. This confirms that Rapid7 can and is regularly remotely accessing its source code. Moreover, Rapid7's documents indicate that it is planning on starting to open its offices in just a few weeks.

Like businesses around the country, Finjan is persevering in the face of the challenges of COVID-19. Finjan's employees are also working remotely and making do with a lot of videoconferencing and telephone meetings. Finjan is a small company with limited resources, and an extensive delay will impact its business and licensing operations. Litigation is also continuing around the country, notwithstanding the challenges of COVID-19. Parties are proceeding with source code review, hearings, depositions, expert reports, and even trials. In fact, many of the same counsel representing the parties in this case are in the middle of a trial on behalf of other clients in the Eastern District of Virginia (conducted by Zoom videoconference). There is no reason this case should be any different, and the Court should deny Rapid7's Motion.

## II.     STATEMENT OF FACTS

### A.     Finjan Already Agreed to Six Prior Extensions of the Case Schedule

Finjan filed this case over a year-and-a-half ago, on October 1, 2018. D.I. 1. The parties completed fact discovery nearly four months ago, on February 21, 2020. D.I. 68. Finjan agreed to four extensions of the case schedule through the conclusion of fact discovery. D.I. 10, 68, 75, 112.

While expert reports were originally due April 21, 2020 (D.I. 133), due to the disruptions in business due to COVID-19, Finjan stipulated to Rapid7's request to extend expert reports by a month. D.I. 133. In so stipulating, the parties agreed that the "extended deadlines do not impact

the Court's scheduled trial date." *Id.* at 1. Finjan stipulated to a yet further extension of the deadline for opening expert report to June 15, 2020, again noting that the extension would not impact the trial date. D.I. 139 at 1. As a compromise proposal to further extend the expert discovery period without jeopardizing the trial date, Finjan suggested that the parties mutually agree to forgo summary judgment, which would have freed up over three months. Declaration of Aaron Frankel ("Frankel Decl."), ¶ 2. Rapid7 declined the offer. *Id.*

Significant expansion to the expert discovery period would delay the start of summary judgment briefing, which the Court has indicated cannot be extended further without losing the trial date. D.I. 144-4 ("Ideally, Her Honor would like the responsive letters filed at least two weeks before the deadline to file dispositive motions, if they are permitted, keeping in mind that the September 25, 2020 date proposed is the latest date dispositive motions (if permitted) and Daubert motions can be filed without the parties losing their trial date.").

Rapid7, offering no compelling reason, now proposes extending all remaining case deadlines by four months, moving the trial date from February 22, 2021 to no earlier than June 28, 2021, and possibly later depending on the Court's availability.

      **B.**      **Rapid7's Business Operations are Ongoing**

Rapid7 represents that its offices are physically closed. Nevertheless, its employees are currently working remotely and continuing to conduct business operations relating to its accused software products. Since mid-March, Rapid7 has released extensive updates to all the accused products in this case, including new features and enhancements, new modules, and bug fixes. For example, Rapid7 released seven updates for Nexpose since the beginning of May, seven updates for Metasploit since the beginning of March, and five updates for AppSpider since the beginning of March. Frankel Decl., Ex. 1 (Nexpose Release Notes), Ex. 2 (Metasploit Release Notes), Ex. 3 (AppSpider Release Notes).

Rapid7 announced that, while "work from home is the default," it expects to make access to some office locations available to its employees on request as early as next week. D.I. 144-1 (Ex. 1) at 3-4. Thus, to the extent some limited in-person access is necessary to setup remote source code review or to ship a source code laptop to any of Rapid7's experts, it will soon be possible for Rapid7 to do so.

### III.   ARGUMENT

Current logistical challenges are not good cause to abandon the February 2021 trial date. Litigation and business activities are continuing across the country, such that Rapid7 has not met its burden of demonstrating good cause to modify the case schedule and abandon the February 2021 trial date. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As the moving party, Rapid7 bears the burden to "demonstrate good cause and due diligence." *Compagnie des Grands Hotels d'Afrique S.A. v. Starwood Capital Grp. Glob. I LLC*, No. CV 18-654-RGA, 2019 WL 4740083, at *1–3 (D. Del. Sept. 27, 2019) (denying motion to amend scheduling order for failure to demonstrate good cause) (citing *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010)). Rapid7 fails to carry its burden here.

Litigation activity is proceeding in courts across the country, notwithstanding current conditions. Frankel Decl., Ex. 4 (*BPI Sports, LLC v. ThermoLife Int'l, LLC*, No. 19-cv-60505, D.I. 58, Paperless Order (S.D. Fla. Mar. 18, 2020)) (denying joint motion for extension of time: "***COVID-19 alone is not a sufficient basis for extension of pretrial deadlines or the trial date***. In today's highly technological world, restrictions on movement and in-person interactions do not automatically preclude the parties from litigating their case.") (emphasis added). Business operations, including of Rapid7 and Finjan are continuing, and litigants around the country are advancing their cases by conducting remote depositions, source code reviews, hearings,

meetings, and trials, and dealing with the same "familial and child care obligations" as Rapid7. Frankel Decl., ¶ 3. Indeed, the same counsel representing the parties in this action are concluding a six-week bench trial in a patent case involving different parties. Frankel Decl., Ex. 5 ("Cisco Patent Trial Kicks Off Over Zoom Without a Hitch"); *Centripetal Networks, Inc. v. Cisco Sys., Inc.*, No. 2:18-cv-00094 (E.D. Va.).

There is nothing unique to this case that requires abandoning the current trial date. This case is in the expert discovery phase, which does not require travel. Experts can work on their reports from their homes and can confer with counsel by telephone and videoconference. *See* Frankel Decl., Ex. 6 (*Orthopaedic Hosp. v. DJO Global, Inc.*, No. 3:19-cv-00970-JLS-AHG, D.I. 66, Order at 3 (S.D. Cal. May 28, 2020)) ("there is no right to prepare witnesses or take depositions in person"). Indeed, Finjan and Rapid7 will soon complete the first round of expert reports by doing just that.

Rapid7 suggests that it will be challenging to work with its experts remotely, but Rapid7's counsel did just that during the *Centripetal* trial, even presenting as witnesses (by Zoom) two of the same experts Rapid7 is using in this case, Drs. Kevin Almeroth and Steven Becker. Frankel Decl., ¶ 4. There is no specific reason that Rapid7 cannot do the same for the second and third rounds of expert reports. Frankel Decl., Ex. 7 (*Uniloc USA, Inc. v. Big Fish Games, Inc.*, No. 2:16-cv-00741-RWS, D.I. 375, Order at 2–3 (E.D. Tex. Apr. 30, 2020)) (denying portion of motion seeking to extend schedule more than three weeks: "Motions such as these require something more than . . . generalized concerns about COVID-19 to establish good cause.").

Rapid7's Motion relies heavily on an argument that it is currently unsafe to travel to Massachusetts to review source code in person. Motion at 5–9. But it is not necessary for

Rapid7's experts to do so. For months now, Finjan has not had access to Rapid7's source code, other than its limited paper printouts, but Finjan is still able to complete its burden of proof infringement reports on schedule. In contrast, Rapid7's programmers and experts can access source code remotely, without travelling to do so (and can also work with the same printouts that Finjan is relying upon).

The issue of reviewing source code under current conditions is not unique to this case. Practitioners have written articles offering guidance on how to securely and effectively review source code remotely using tools such as Google Chrome Remote Desktop or Microsoft Remote Desktop. *See, e.g.,* Frankel Decl., Ex. 8 (Strategies for Remote Source Code Review) (discussing strategies for remote source code review, including where source code can be hosted, how access can be provided to appropriate source code reviewers, when the source code can be accessed, who can access source code, virtual sign-in sheets, and monitoring code reviewers). The undersigned counsel are conducting remote source code review in other cases using various secure technologies. Frankel Decl., ¶ 3. As such, Rapid7's experts can remotely access its source code, negating the need for a four-month adjustment to the schedule.

Indeed, courts across the country, including this District, have directed or approved of the use of remote-access technology for source code review **by the opposing party**. *See* Frankel Decl., Ex. 9 (*Fraunhofer-Gesellschaft Zur Forderung der Angewandten Forschung E.V. v. Sirius XM Radio Inc.*, C.A. No. 17-184-JFB-SRF, D.I. 253 (D. Del. May 21, 2020)) (stipulated order allowing plaintiff's experts and outside counsel to remotely review source code through a third party vendor); *id.*, Ex. 10 (*Bot M8 LLC v. Sony Corp. of Am.*, No. C 19-07027 WHA, D.I. 131 (N.D. Cal. Mar. 26, 2020)) (ordering parties to "propose an alternate method of timely source code review in an effort to resolve the present disagreement **without a schedule disruption**.")

(emphasis added); *id.*, Ex. 11 (*In the Matter of Certain Wearable Monitoring Devices, Sys., and Components Thereof*, Inv. No. 337-TA-1190, Order at 2–3 (U.S. I.T.C. Apr. 28, 2020)) (amending protective order to allow for remote review of source code in view of the current travel restrictions and stay-at-home orders in effect in many states).  As a cybersecurity company, it is not credible to believe that Rapid7 cannot safely allow its own experts and attorneys to do the same.

That Rapid7 is able to provide its experts and counsel with remote access its source code is confirmed by the fact that its employees are already doing so, notwithstanding the closure of Rapid7's offices.  This is evidenced by Rapid7's release of regular updates and patches for the accused products on a near-weekly basis, which entails accessing the source code for those products to fix bugs and add new features and improvements.  *See supra* § II.B.  While Rapid7's Town Hall Update expresses a "preference" to have its employees work from home through August, Rapid7 also indicates that it expects to provide its employees with access to the office as soon as next week upon request.  D.I. 144-1 (Ex. 1) at 4.  Happily, the public health data and trends are improving in Massachusetts and, after Rapid7 filed the Motion, Massachusetts announced that it is transitioning to the second phase of the four-phase reopening plan.  Frankel Decl., Ex. 12.  The improving conditions and partial reopening of Rapid7's offices and Massachusetts in general will further enable Rapid7 to provide access to remote source code review to its experts or to ship an encrypted laptop containing its source code to its experts.

Rapid7's argument that the protective order prohibits *Rapid7's* experts from remotely reviewing *Rapid7's* source code is incorrect.  Motion at 8–9.  The protective order includes protections to safeguard a disclosing party's source code from the reviewing party, it does not limit a disclosing party's access to its own source code.  D.I. 33, § 2.2 ("Nothing in this

Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Designated Material for any purpose"). Rapid7 has had and continues to have unfettered access to its own source code for its own products and to the engineers who created those products.[1]

Rapid7's failure to carry its burden of demonstrating good cause to modify the case schedule alone warrants denial of the Motion. Fed. R. Civ. P. 16(b)(4); *Compagnie des Grands Hotels d'Afrique*, 2019 WL 4740083, at *1. Another reason to deny the Motion is that significantly postponing the conclusion of this case is highly prejudicial to Finjan. Finjan is a small company, and a significant delay will detrimentally impact Finjan's business operations and finances. Finjan began licensing discussions with Rapid7 in March 2016, and filed this action in October 2018, twenty months ago. D.I. 1, ¶¶ 30–32. A delay of at least four months, and possibly much longer depending on the Court's calendar, is *per se* prejudicial, and Finjan should have an opportunity to have its day in Court. *See Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1229 (3d Cir. 1995) (reiterating "the well-worn but nevertheless truthful aphorism that 'justice delayed is justice denied'"), quoting *Burkett v. Cunningham*, 826 F.2d 1208, 1218 (3d Cir. 1987).

## IV. CONCLUSION

For the reasons set forth above, Finjan respectfully requests that the Court deny Rapid7's Motion.

---

[1] Rapid7's reliance on the District of Massachusetts' order regarding jury trials is entirely irrelevant and perplexing, as this case is taking place in the District of Delaware, and there has been no determination that it will not be possible in Delaware to conduct a trial in February 2021. Motion at 2-3 (citing D.I. 144-3, Ex. 3); *see also* Frankel Decl., Ex. 13 (*SAS Inst. Inc. v. World Programming Ltd.*, No. 2:18-cv-00295-JRG, D.I. 354 at 1–2 (E.D. Tex. May 22, 2020)) (denying motion for extension: "Across the world, the COVID-19 pandemic and related travel restrictions are rapidly evolving, and may very well change several times before the scheduled jury selection in the above-captioned case.").

| | |
|---|---|
| OF COUNSEL:<br><br>Paul J. Andre<br>Lisa Kobialka<br>James Hannah<br>Hannah Lee<br>KRAMER LEVIN NAFTALIS<br>  & FRANKEL LLP<br>990 Marsh Road<br>Menlo Park, CA 94025<br>(650) 752-1700<br><br>Aaron M. Frankel<br>KRAMER LEVIN NAFTALIS<br>  & FRANKEL LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>(212) 715-9100<br><br>Dated: June 12, 2020<br>6760844 | POTTER ANDERSON & CORROON LLP<br><br>By: */s/ Philip A. Rovner*<br>   Philip A. Rovner (#3215)<br>   Jonathan A. Choa (#5319)<br>   Hercules Plaza<br>   P.O. Box 951<br>   Wilmington, DE  19899<br>   (302) 984-6000<br>   provner@potteranderson.com<br>   jchoa@potteranderson.com<br><br>*Attorneys for Plaintiff Finjan, Inc.* |