# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINJAN, INC., a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-1519-MN |
| | ) | |
| RAPID7, INC., a Delaware Corporation and RAPID7 LLC, a Delaware Limited Liability Company, | ) ) ) | **PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |

## LETTER TO THE HONORABLE MARYELLEN NOREIKA
## FROM PHILIP A. ROVNER

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
KRAMER LEVIN NAFTALIS
  & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
(650) 752-1700

Aaron M. Frankel
KRAMER LEVIN NAFTALIS
  & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

Dated: July 1, 2020
Public version dated: July 6, 2020

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Plaintiff*
*Finjan, Inc.*



1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**Philip A. Rovner**
Partner
provner@potteranderson.com
302 984-6140 Direct Phone
302 658-1192 Firm Fax

July 1, 2020

**VIA CM/ECF**

The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

**Public Version
July 6, 2020**

    Re: *Finjan, Inc. v. Rapid7, Inc.,* D. Del. C.A. No. 18-1519-MN

Dear Judge Noreika:

  Plaintiff Finjan, Inc. produced to Rapid7 a Patent Assignment and Support Agreement between IBM and non-party Finjan Blue, Inc. (D.I. 160-1, Ex. C, the "IBM Agreement"). Rapid7 now seeks to compel Finjan to produce its emails and documents relating to the IBM Agreement (the "IBM Documents").

  Finjan has never objected to producing the IBM Documents; however, as Rapid7 knows, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Finjan promptly notified Rapid7 that "IBM objects to the production of documents related to the negotiation of the agreement as, at a minimum, non-responsive to Defendants' discovery requests and irrelevant to the claims and defenses in the litigations." D.I. 161 at Ex. A. Finjan explained that it "is only withholding those documents at the direction of IBM." D.I. 161, Ex. G. ████████████████████████████████████████████ Rapid7's motion to compel Finjan is misplaced as it ignores that IBM is the party objecting to the production of such information.

  In an effort to resolve this dispute regarding the production of IBM's information, Finjan introduced IBM's in-house counsel to Rapid7's litigation counsel. D.I. 161 at Ex. M, ("I am copying … counsel for IBM [who] has asked to participate in the meet and confer along with national and local counsel for the parties."). IBM's counsel participated in meet and confer discussions with the parties and reiterated IBM's objections to Rapid7's document requests, contending that Rapid7's requests are overbroad and seek irrelevant documents. IBM recently retained outside counsel to represent it in connection with this issue and Finjan apprised IBM's

The Honorable Maryellen Noreika
July 1, 2020            **Public version dated: July 6, 2020**
Page 2

outside counsel in good faith that Rapid7 brought this motion to compel and that the Court scheduled a hearing for July 7, 2020.

 Because this dispute is really between Rapid7 and non-party IBM, the bulk of Rapid7's letter is irrelevant, but nonetheless amounts to nothing more than baseless criticism of Finjan. For example, while Rapid7's motion was filed four months after the close of fact discovery, Rapid7's counsel was well aware of the IBM Agreement for more than a year (and many months before the close of fact discovery in this case) and also knew that Finjan objected to producing IBM Documents in the *Finjan, Inc. v. Cisco Systems Inc.* case, where Finjan did not agree to the discovery requests for IBM Documents from Cisco (who is represented by the same counsel as Rapid7). *See* D.I. 161, Ex. D at 10-11 (June 11, 2019 Order in *Cisco* case regarding IBM Document). Rapid7's awareness of this issue is confirmed by the fact that Rapid7 asked questions during depositions in this case about the IBM Agreement and relationship. *See, e.g.,* D.I. 161-1, Ex. I. Yet Rapid7 did not pursue this issue in this case until after the February 21, 2020 close of fact discovery. *See, e.g.,* D.I. 160, Ex. K (April 6, 2020 email). Thus, Rapid7 has only its own inexplicable lack of diligence to blame for the timing of this motion.

 Furthermore, Rapid7 has provided nothing to support its alleged need for the IBM Documents, as it points to no evidence for its unsubstantiated and inaccurate claim that Finjan used, much less, mischaracterized its relationship with IBM at any previous trial. To the contrary, in the very deposition testimony to which Rapid7 cites, Finjan's corporate designee testified that Finjan ███████████████████████████████████████████████
████████████████████████████████████████████████████████████████
D.I. 161-1, I at 22-23.

 Finjan respectfully suggests that the Court offer IBM an opportunity to oppose Rapid7's motion to compel production of the IBM Documents. Should the Court overrule IBM's objections and order Finjan to produce the IBM Documents, Finjan will promptly do so.

        Respectfully,

        */s/ Philip A. Rovner*

        Philip A. Rovner (#3215)

cc:  All Counsel of Record – by CM/ECF
6784536