IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINJAN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-1519 (MN) |
| | ) | |
| RAPID7, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER APPOINTING SPECIAL MASTER**

WHEREAS, by Order dated December 4, 2014, the Court revised the scope and administration of the Special Master Panel for complex cases;

WHEREAS, consistent with the goals and needs expressed in the referenced Order, the Court concludes that the appointment of a Special Master is warranted in the above-captioned case; and

WHEREAS, on July 2, 2020, the Court entered an Order referring this case to the Clerk of Court for the assignment of a Special Master for the purposes of deciding the two pending discovery disputes[1] and any future discovery disputes (D.I. 164).

NOW THEREFORE, this 8th day of July 2020, IT IS HEREBY ORDERED that:

**1.     Appointment of Special Master.**  Chad S.C. Stover, Esquire, is appointed as Special Master to manage discovery.

**2.     Discovery.**  As required by Rule 53(b)(2) of the Federal Rules of Civil Procedure, Mr. Stover shall proceed with all reasonable diligence and, as provided by Rule 53(c), shall have the authority to regulate all proceedings and take all measures necessary to address issues relating

---

[1]     *See* D.I. 135-137, 152, 160-161, 163.

to the parties' discovery disputes, including the existing discovery disputes (*see* footnote 1) and rule on same.

      **3.**    **Discovery disputes.**  Mr. Stover shall, after consulting with the parties, establish procedures for the handling of discovery disputes.  He shall have the duty and authority to: (1) require the submission of reports, (2) set teleconferences, and (3) hold hearings in order to determine the status of issues relating to discovery and to issue orders requiring the parties to adhere to case management dates set by the Court.  He shall hear, resolve and make rulings on all disputes regarding discovery and, when appropriate, enter orders setting forth his rulings.

    a.    With respect to discovery motions,[2] all such motions (but **not** the related briefing) shall be filed with the Court.

    b.    With respect to hearings and conferences, they shall be held in this District's Courthouse or other appropriate place arranged by Mr. Stover or by the parties, with the approval of Mr. Stover.  If the Courthouse is used, Mr. Stover shall arrange for a courtroom through the Clerk's Office by contacting Beth Mason at 302-573-6170.

    c.    Absent agreement among the parties, all hearings shall be transcribed by a certified court reporter.  Mr. Stover may arrange for a court reporter through Dale Hawkins at 302-450-6913 and who shall be given one week's notice of any scheduled hearings absent emergency circumstances.  Absent an order by Mr. Stover, the parties shall bear equally the costs of the court reporter and transcript.

    d.    Mr. Stover shall preserve all materials he receives or prepares in connection with any dispute regarding discovery.  He shall not be required to file any such materials with the Court, unless directed to do so by the Court, except that the following shall be filed: (1) any transcripts that contain his rulings from the bench; (2) orders entered setting forth his rulings; and (3) any opinions prepared supporting his rulings.  Mr. Stover shall email all such papers to this Court's Judicial Administrator in PDF format ready to be docketed.  Chambers staff will docket the papers.

---

[2]    Only the formal motion itself must be docketed with the Court. All other discovery materials should be lodged only with Mr. Stover consistent with ¶ 6 *infra*.

    **4.**    **Ex parte communications.**  Mr. Stover shall not communicate ex parte with a party without the consent of all parties.  He may communicate ex parte with the Court.

    **5.**    **Confidential information.**  Mr. Stover may have access to trade secrets, proprietary information or other confidential information in this action including, but not limited to, information which may be subject to a protective order.  Mr. Stover and other persons assisting him shall preserve and protect the confidentiality of all such information and, if required to file any orders, findings, opinions or materials that contain or make reference to any such information (including, but not limited to, information designated "Confidential," "For Attorneys Eyes Only"), he shall bring such documents to the attention of Chambers' staff so that they may be filed under seal.

    **6.**    **Appeals.**  Mr. Stover's rulings shall be subject to review by the Court, consistent with Rule 53(f). In this regard, unless otherwise ordered:

    (a)    the **parties may serve, file and docket** with the Court specific written objections (and responses thereto) to any of Mr. Stover's rulings;[3]

    (b)    the objections shall be filed no later than twenty-one (21) days after being served with a copy of the ruling, and the responses thereto shall be filed within ten (10) days after being served with a copy of the objections;

    (c)    the objections and responses to the objections are limited to ten (10) pages each; and

    (d)    the **parties must serve, file and docket** with the Court (as well as provide to the Judge to whom the case is assigned a courtesy copy of) any relevant portion of the record made before Mr. Stover which pertains specifically to the objections.[4]

---

[3]    Counsel shall docket using the "objections" and "response to objections" docket events.

[4]    Counsel shall docket separately as an appendix using the "appendix" docket event.

7. **Compensation.** Mr. Stover shall be compensated for his services at his usual hourly rate. Others assisting him shall be compensated at their usual hourly rates. Mr. Stover shall send itemized statements for services and expenses directly to counsel for the parties on a monthly basis, and shall receive payment directly from counsel for the parties in a timely fashion. The compensation and expenses of Mr. Stover shall, unless otherwise ordered, be shared equally by the parties (that is, 50% by Plaintiff(s) and 50% by Defendant(s)). In this regard, if (in Mr. Stover's opinion) a party engages in behavior which occasions the waste of his time and resources, or otherwise hinders the efficient resolution of matters before him, that party may be apportioned all or a larger portion of Mr. Stover's compensation, costs, and expenses. Any objections or disputes as to Mr. Stover's compensation, costs, and/or expenses shall be presented to the Court in a timely application.

_____
The Honorable Maryellen Noreika
United States District Judge