

Fish & Richardson P.C.
222 Delaware Avenue
17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114

302 652 5070 main
302 652 0607 fax

October 2, 2020

**VIA CM/ECF & HAND DELIVERY**

**Susan E. Morrison**
Principal
morrison@fr.com
302 778 8434 direct

The Honorable Maryellen Noreika
United States District Court
for the District of Delaware
844 N. King Street
Wilmington, DE 19801

**Re: *Finjan, LLC v. Rapid7, Inc. and Rapid7 LLC***
**D. Del., C.A. No. 18-1519-MN**

Dear Judge Noreika:

Plaintiff Finjan, LLC respectfully requests permission to file a motion for summary judgment of no invalidity for lack of written description under 35 U.S.C. § 112, for all seven of the Patents-in-Suit, Patent Nos. 7,613,918 ("the '918 Patent"), 7,757,289 ("the '289 Patent"), 7,975,305 ("the '305 Patent"), 8,079,086 ("the '086 Patent"), 8,141,154 ("the '154 Patent"), 8,225,408 ("the '408 Patent"), and 8,677,494 ("the '494 Patent"). The motion is based law and expert testimony common to all asserted patents, so it presents a single legal issue applied to each asserted patent. In summary, Rapid7's experts' written description methodology is legally erroneous, and those experts have admitted that they have no opinions under the proper methodology. With no proper opinions, Rapid7 cannot carry its burden to prove invalidity under § 112.

"Compliance with the written description requirement is a question of fact but is amenable to summary judgment in cases where no reasonable fact finder could return a verdict for the nonmoving party." *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1307 (Fed. Cir. 2008). The written description "test requires an objective inquiry *into the four corners of the specification* from the perspective of a person of ordinary skill in the art. Based on that inquiry, the specification must describe an invention understandable to that skilled artisan and show that the inventor actually invented *the invention claimed*." *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (emphasis added). Thus, the proper analysis is whether the specification "provides adequate written description to support the full scope of the claims as construed" by the court. *Energy Transp. Grp., Inc. v. William Demant Holding A/S*, 697 F.3d 1342, 1350 (Fed. Cir. 2012) (finding the "specification supports the district court's claim construction, and provides adequate written description to support the full scope of the claims *as construed*") (emphasis added). But that is not the inquiry Rapid7's experts have made. Instead, in their written description

[1] Plaintiff Finjan files this document under seal out of an abundance of caution, because it quotes from deposition transcripts that have been marked under the Protective Order. Finjan will confer with Rapid7 regarding whether any redactions to the public version of this document are necessary.

analysis, Rapid7's experts each compare the patent specification to the accused products, rather than looking to whether the specification supports the claims, as construed. That is legal error, and summary judgment is appropriate here.

**Rapid7's Improper Expert Opinions regarding the '154, '289, and '918 Patents:**

Dr. Kevin Almeroth's written description analyses fails to consider the claims, as construed by the Court, and compare those claims to the four corners of the '154, '289, and '918 Patents as required by law. By Dr. Almeroth's admissions, he applied the wrong legal principles and did not opine on the patents' written descriptions independent of considering Finjan's infringement contentions. *See* Rough Tr. of Kevin Almeroth Dep. on Sept. 25, 2020, at page R-30 ("The principle framework that I've applied [to find certain claims invalid for lack of written description] is considering the infringement allegations from Finjan . . . to identify what Finjan believes is the scope of those claims and then using [the] scope of those claims [to determine there is no] written description support for certain limitations as identified in the [expert's] report."); *see also id*. at R-38 (Q: "Are any of those opinions you formed for 112 contingent on the claim construction order or are they just based on Finjan's application of the claims to the accused products?"; A: ". . . I'm relying on the claimed scope as alleged by Finjan. . ."). Instead, Dr. Almeroth repeatedly confirmed that he improperly relies on the infringement contentions for the accused products, instead of the Court's claim constructions, to set the scope of the claims for his invalidity analysis.

Dr. Almeroth's conclusions that the patents are invalid because "the specification doesn't describe any *other way* of implementing the [claimed] functionality" in a manner that matches the functionality of the accused products, is legally flawed and factually improper. *Id.* at R-43 (emphasis added).

**Rapid7's Improper Expert Opinions Regarding the '086 and '494 Patents:**

As with Dr. Almeroth, Dr. McDaniel's analyses regarding written description for the '086 and '494 Patents are not limited to the four corners of the specification—that is whether the embodiments in the patents support the claims as construed—but are improperly premised on the accused products. *See*, *e.g.*, Dr. McDaniel's Reply Report, ¶ 49 ("I understand that when claim language is construed to cover multiple embodiments of a claimed invention, the specification must provide written description support for the full scope of the invention. As set forth below and in my Opening Invalidity Report, the Asserted Patents do not provide written description for the scope of the claims that Finjan uses for its infringement analysis and therefore fail to satisfy the written description requirement."). During his deposition, Dr. McDaniel confirmed he improperly went outside the four corners of the specification and did not provide an opinion based on a proper written description analysis:



> Q. Without consideration of Finjan's infringement allegations in this case, you do not have an opinion that any of the asserted claims are invalid for lack of written description. Do you agree?
>
> **A. Yes.**

Tr. of Dr. Patrick McDaniel Dep. on Sept. 11, 2020, 119:9-13.

By Dr. McDaniel's own admission, he did not properly opine on the sufficiency of the '086 and '494 Patents' written descriptions and embodiments therein. And rather than staying within the four corners of the patents as required by law, Dr. McDaniel used the accused products to argue that the specification does not disclose embodiments that exactly match the accused products. *See*, *e.g.*, Dr. McDaniel's Reply Report, ¶¶ 52-53 ("With respect to AppSpider, Dr. Cole alleges AppSpider includes a Downloadable scanner because it includes a 'scanner' that scans a web application 'to detect potential vulnerabilities' and 'can be used to validate potential vulnerabilities by attacking them'… There simply is no disclosure in the common specifications of the '086 and '494 Patents in which a Downloadable scanner scans devices or web applications to identify vulnerabilities as Finjan alleges for purposes of infringement."). Accordingly, Dr. McDaniel improperly concluded that the asserted claims of the '086 Patent and'494 Patent are invalid for lack of written description, but only to the extent Finjan asserts that the claim elements are satisfied by the functionality of the accused products." *See*, *e.g.*, Dr. McDaniel's Opening Report, ¶ 653.

**<u>Rapid7's Improper Expert Opinions Regarding the '305 and '408 Patents</u>:**

Finally, Dr. Jha's analyses regarding written description for the '305 and '408 Patents are similarly flawed. *See*, *e.g.*, Dr. Jha's Opening Report, ¶ 432 ("it is my opinion that claim 25 of the '305 Patent is invalid for lack of written description to the extent Finjan asserts that InsightVM, Nexpose, InsightAppSec, AppSpider, InsightIDR, or Metasploit fall within the scope of the claim elements identified above – i.e., "receiving incoming content from the Internet on its destination to an Internet application" – as the claims would cover subject matter beyond what a POSITA would understand the inventor was in possession of based on the written description of the '305 Patent."); *see also id* ¶ 481 ("it is my opinion that claims 1, 3, 4, 22, and 29 of the '408 Patent (i.e., all asserted claims) are invalid for lack of written description to the extent Finjan asserts that InsightVM, Nexpose, InsightAppSec, or AppSpider fall within the scope of the claim element identified above – i.e., identifying "portions of program code that are malicious"– as the claims would cover subject matter beyond what a POSITA would understand the inventor was in possession of based on the written description of the '408 Patent."). Dr. Jha admitted his written description analysis of the claims is based on Finjan's infringement contentions and expert reports as opposed to the embodiments in the patents themselves. *See* Rough Tr. of Somesh Jha Dep. on Sept. 29, 2020, at R-232.



For each of the patents, Rapid7's approach of comparing the claims to the accused products is an error of law. Its experts' opinions are not based on the claim construction order entered by the Court, much less a comparison of those claims to the embodiments within the four corners of the patents themselves.

What Rapid7's experts have done is perhaps best exemplified in *Iridex Corp. v. Synergetics, Inc.*, where that court granted summary judgment of no invalidity under § 112. *See Iridex*, 478 F. Supp. 2d 1146 (E.D. Mo. 2007). There, the court stated:

> For its argument that the specification fails to provide notice to one skilled in the art that Iridex possessed the invention at the time of the '492 patent, Synergetics does not point to any particular claim that is not adequately supported by the patent specification. Instead, Synergetics argues with the court's claims construction and argues that if the claims are broad enough to cover the Synergetics products, they must be invalid. The vagueness of this argument shows the problem Synergetics has: it cannot point to any claim that is broader than the specification, and therefore this § 112 argument must fail.

*Iridex*, 478 F. Supp. 2d at 1148. Moreover, even if it were the case that the specification does not expressly describe embodiments similar to the accused products as Rapid7 argues, Rapid7's analyses still fail because "[n]othing in § 112 requires the specifications to describe all possible embodiments'" *LizardTech Inc. v. Earth Res. Mapping*, 424 F.3d 1336, 1345 (Fed. Cir. 2005)). "A claim will not be invalidated on section 112 grounds simply because the embodiments of the specification do not contain examples explicitly covering the full scope of the claim language." *Id.* Rather, a patentee "need only reasonably convey to one skilled in the art that [the inventors] had possession of at least one embodiment that meets the [controlling] construction[s]." *Tobinick v. Olmarker*, 753 F.3d 1220, 1227 (Fed. Cir. 2014) (reversing finding of no written description).

Here, Rapid7 has not analyzed its written description defense under the correct legal standard. Rapid7 has made no argument that the specifications' many embodiments do not support the patent claims, as written and construed by the Court. Its defense therefore fails as a matter of law. For these reasons, Finjan respectfully request permission to file a summary judgment motion to dispose of Rapid7's written description invalidity contentions for each of the Patents-in-Suit.

Respectfully Submitted,

*/s/ Susan E. Morrison*

Susan E. Morrison (#4690)

cc: All Counsel of Record – by CM/ECF