IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN LLC, a Delaware Limited Liability Company,<br><br>               Plaintiff,<br><br>    v.<br><br>RAPID7, INC., a Delaware Corporation and RAPID7 LLC, a Delaware Limited Liability Company,<br><br>               Defendants. | C.A. No. 1:18-cv-01519-MN<br><br>Jury Trial Demanded<br><br>**REDACTED VERSION**<br>**Filed on November 3, 2020** |

**DEFENDANTS RAPID7, INC. AND RAPID7 LLC'S MOTION FOR REARGUMENT REGARDING THE COURT'S DENIAL OF LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT**

Sealed Version
Dated: October 27, 2020

**\*OF COUNSEL:**

L. Norwood Jameson
Matthew C. Gaudet
David C. Dotson
John R. Gibson
Robin McGrath
Jennifer H. Forte
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 2000
Atlanta, GA 30309
Tel.: (404) 253-6900
wjameson@duanemorris.com
mcgaudet@duanemorris.com
dcdotson@duanemorris.com

Jarrad M. Gunther
Joseph A. Powers
**DUANE MORRIS LLP**
30 South 17th St.
Philadelphia, PA 19103-4196
Tel.: (215) 979-1837
jmgunther@duanemorris.com
japowers@duanemorris.com

Richard L. Renck (No. 3893)
**DUANE MORRIS LLP**
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
Tel.: (302) 657-4900
Fax: (302) 657-4901
RLRenck@duanemorris.com

*Counsel for Defendants*
*Rapid7, Inc. and Rapid7 LLC*

Jordana Garellek
**DUANE MORRIS LLP**
1540 Broadway
New York, NY 10036-4086
Tel.: (212) 471-1829
jgarellek@duanemorris.com

*admitted pro hac vice*

2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN LLC., a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>RAPID7, INC., a Delaware Corporation and RAPID7 LLC, a Delaware Limited Liability Company,<br><br>Defendants. | C.A. No. 1:18-cv-01519-MN<br><br>Jury Trial Demanded<br><br>**REDACTED VERSION** |

**DEFENDANTS RAPID7, INC. AND RAPID7 LLC'S MOTION FOR REARGUMENT REGARDING THE COURT'S DENIAL OF LEAVE TO FILE <u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

## I. INTRODUCTION

Pursuant to Local Rule 7.1.5, Defendants Rapid7, Inc. and Rapid7 LLC (collectively, "Rapid7") respectfully requests that the Court reconsider its Order denying leave for Rapid7 to file a motion for summary judgment of non-infringement. D.I. 198. In view of the disparity between Rapid7's products and the asserted patents in this case, Rapid7 has long believed that this case should be resolved on summary judgment. Rapid7's belief is borne out by history: motions for summary judgment of non-infringement have been at least partially granted against Finjan in 6 out of 7 cases in which they were filed. *See, e.g., Finjan, Inc. v. Cisco Sys., Inc.*, C.A. No. 17-cv-00072-BLF, D.I. 499, 3/20/20 Order at 18 (N.D. Cal. March 20, 2020); *Finjan, Inc. v. Juniper Networks, Inc.*, C.A. No. C 17-05659-WHA, 2019 WL 3302717 (N.D. Cal. July 23, 2019); *Finjan, Inc. v. Juniper Networks, Inc.*, C.A. No. C 17-05659-WHA, D.I. 606, Order Granting Early Motion for Summary Judgment on '780 Patent (N.D. Cal. Aug. 13, 2018); *Finjan, Inc. v. Blue Coat Sys., LLC*, C.A. No. 15-cv-03295-BLF, D.I. 276, Order Regarding Summary Judgment (N.D. Cal. July 28, 2017); *Finjan, Inc. v. Sophos, Inc.*, C.A. No. 14-cv-01197-WHO, D.I. 205, Order on Matters Heard on May 11, 2016 (N.D. Cal. May 24, 2016); *Finjan, Inc. v. Proofpoint, Inc., et al*, C.A. No. 13-cv-05808-HSG, D.I. 347, Order Granting in Part and Denying in Part Motions for Summary Judgment (N.D. Cal. Apr. 12, 2016); *Finjan, Inc. v. Blue Coat Sys., Inc.*, C.A. No. 5:13-cv-03999-BLF, D.I. 256, Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment; Denying Plaintiff's Motion for Summary Judgment (N.D. Cal. June 2, 2015). This is true even though these other cases actually targeted products that filter incoming malicious files, which is the focus of Finjan's patents. This unusually high grant rate—even for products that are closer to the subject matter of Finjan's patents than Rapid7's products – confirms that this Court should at least entertain full briefing here.

1

Rapid7 respectfully submits, however, that the Court's letter briefing procedure uniquely advantages Finjan in this case. The letter briefing procedure had the effect of rewarding Finjan for making voluminous assertions and submitting voluminous expert reports, however factually inaccurate and conclusory they are, with no opportunity for Rapid7 to file a reply. In cases where Courts have granted summary judgment against Finjan, the Courts sifted through such record dumps by Finjan and concluded that – in many instances – there was not a genuine issue of material fact. *See, e.g., Cisco*, C.A. No. 17-cv-00072-BLF, D.I. 499, 3/20/20 Order (granting partial summary judgment and noting "the Court has reviewed the voluminous (and largely unhelpful) evidence cited by Finjan to determine whether it has pointed to *any* evidence that when viewed in the light most favorable to Finjan, would create a triable issue of fact"). This review – which can only occur on a full summary judgment record – is critically important. As the Federal Circuit has noted, "[i]f all expert opinions on infringement . . . were accepted without inquiry into their factual basis, summary judgment would disappear from patent litigation." *Novartis Corp. v. Ben Venue Labs., Inc.*, 271 F.3d 1043, 1051 (Fed. Cir. 2001).

As set forth below, Finjan's opposition letter was designed to create havoc and leave the impression of factual disputes, when a closer examination – in particular, the type of examination that would be possible upon full summary judgment briefing – shows that Finjan's arguments are little more than a façade, and do not preclude summary judgment.

## II. LEGAL STANDARD

Local Rule 7.1.5 addresses motions for reargument as follows:

> (a) Motions for reargument shall be sparingly granted. If a party chooses to file a motion for reargument, said motion shall be filed within 14 days after the Court issues its opinion or decision, with the exception of motions filed pursuant to Fed. R. Civ. P. 59(e), which shall be filed in accordance with the time limits set forth in Fed. R. Civ. P. 59(e). The motion shall briefly and distinctly state the grounds there for. Within 14 days after filing of such motion, the opposing party may file a brief answer to each ground asserted in the motion. Motions for reargument and any

> answers thereto shall not exceed 10 pages. The Court will determine from the motion and answer whether reargument will be granted.

D. Del. L.R. 7.1.5(a).  There are three circumstances in which a motion for reargument may be granted: "(1) where the court has patently misunderstood a party, (2) where the court has made an error not of reasoning, but of apprehension, or (3) where the court has made a decision outside the scope of the issues presented to the court by the parties." *Corning Inc. v. SRU Biosystems, LLC*, 2004 U.S. Dist. LEXIS 20820 at *2-3 (D. Del. Oct. 13, 2004) (citing *Pirelli Cable Corp v. Ciena Corp.*, 988 F. Supp. 424, 445 (D. Del. 1998)).  A motion for reargument "should not be used to rehash arguments already briefed or to allow a 'never-ending polemic between the litigants and the Court.'"  *Oglesby v. Penn Mutual Life Ins. Co.*, 877 F. Supp. 872, 892 (D. Del. 1995).  The issue here is that the Court's letter briefing process prevented a full presentation of arguments in the first instance.

### III. ARGUMENT

Rapid7 respectfully submits that reargument is warranted because, as explained below, the Court's letter briefing process, in view of Finjan's approach to this case, has prevented the development of a record in which Rapid7 could present (and the Court could fully apprehend) the summary judgment issues.  The Court's decision to deny Rapid7 leave to file a motion for summary judgment altogether in view of Finjan's opposition letter is tantamount to an outright denial of summary judgment based on issues that could readily be addressed during a full summary judgment briefing process.

The Scheduling Order in this case, entered on February 13, 2019, permitted the Parties to file motions for summary judgment.  D.I. 29 at ¶ 16.  It was not until April 2020 that the Court instituted a letter briefing procedure in this matter, instructing the parties:

> Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. Opening letter briefs shall be no longer than

3

>   five (5) pages and shall be filed with the Court no earlier than September 3, 2020. Answering letter briefs shall be no longer than five (5) pages and shall be filed with the Court no more than seven (7) days after the Opening Letter Brief. No replies shall be filed. Unless the Court grants leave for additional letters to be filed, each side shall present all grounds on which it seeks permission to file for summary judgment in its single opening letter brief.

D.I. 133 at 2. In view of the foregoing guidance, Rapid7 requested permission to file a Motion for Partial Summary Judgment of Non-Infringement covering most issues in the case. D.I. 191.

Rapid7 did not and does not understand the Court's letter briefing process to be, in essence, an abbreviated motion for summary judgment in which all potential arguments that could be raised by Finjan (however meritless) must be predicted by Rapid7 and addressed in a 5-page opening letter brief with no reply permitted. Such an approach would be particularly problematic in a case of this scope, in which Finjan served over 1100 pages of opening technical expert reports, addressing seven patents and seven accused products (with additional permutations of combinations of products).

Finjan's approach in its opposition letter took full advantage of the above-identified issues with the letter briefing process in a case like this. Finjan's opposition letter relied upon: (1) conclusory statements of its experts that are unsupportable by the facts; (2) portions of its expert reports that have been struck; and (3) emphasizing fundamentally incorrect and misleading statements containing certain "buzzwords" to confuse the issues in an attempt to provide the illusion of a disputed factual issue. All of these issues could be fully addressed in the context of full summary judgment briefing, and none of them should preclude the ability of Rapid7 to file a Motion for Summary Judgment as a threshold issue.

### A. The Court Should Not Have Denied Rapid7's Motion Based on Unsupported Arguments by Finjan's Experts

Finjan's opposition letter attempts to create factual disputes where none exist, by citing unsupported and unsupportable statements of its experts, and arguing that virtually everything is

4

simply a disagreement among the experts. But that is not sufficient to avoid summary judgment in a patent infringement case, and certainly should not be sufficient to preclude a party leave to file a summary judgment motion as a threshold issue. *Novartis Corp.*, 271 F.3d at 1051. The Federal Circuit has also explained "a party may not avoid summary judgment simply by offering an opinion of an expert that states, in effect, that the critical claim limitation is found in the accused device." *Arthur A. Collins, Inc. v. N. Telecom Ltd.*, 216 F.3d 1042, 1048 (Fed. Cir. 2000). Rapid7 seeks the opportunity to show that, upon inquiry into the factual basis of Finjan's cited expert testimony, such opinions are unsupported by the facts. That simply takes more than a 5-page letter brief in a case of this scope. Indeed, as noted above, Courts have repeatedly granted summary judgment of non-infringement against Finjan in other cases, upon consideration of full summary judgment briefing.

      **B.    The Court Should Not Have Denied Rapid7's Motion Based on Finjan's Reliance on Stricken Portions of its Expert Report**

In its opposition letter, Finjan cited to portions of the expert report of Dr. Mitzenmacher that have been stricken, in an inappropriate attempt to generate a perceived factual dispute. Rapid7 previously moved to strike portions Dr. Mitzenmacher's report that contained new infringement theories that were not contained in Finjan's infringement contentions (despite repeated warnings from the Court against doing so). D.I. 190, Memorandum Opinion, at 1-2. After briefing and oral argument, the Special Master struck many portions Dr. Mitzenmacher's report, including paragraphs 552-554. *Id.* at 5, 8. Paragraph 552 is one of the very paragraphs – containing a previously undisclosed infringement theory – that Finjan improperly cites in its Opposition letter regarding the '289 Patent, in an attempt to illustrate a disputed factual issue. D.I. 196, Opp. Letter at 5. That is improper, and full summary judgment briefing would show that there is no dispute of fact regarding the '289 Patent.

5

### C. The Court Likely Misconstrued Finjan's Use of "Buzzwords"

Finjan relies on a misapplication of "buzzwords" quoted from its expert reports, devoid of the proper context, to attempt to avoid summary judgment. Again, Finjan's approach can be fully addressed in summary judgment briefing, but one example is Finjan's argument that "Finjan's experts have opined that the accused products detect hostile operations". Opp. Letter at 2. Finjan cites, e.g., the Cole Report at ¶ 220, discussing ███████████████. D.I. 196, Opp. Letter at 2. Regardless of how Finjan (or Dr. Cole) mischaracterizes ████████████, there is no *factual* dispute that ██████ ██████ are not "hostile operations" that exist within any incoming content, which is the focus of Finjan's patents. This is confirmed repeatedly and unambiguously in the factual record, and there is no evidence to the contrary. *See, e.g.,* D.I. 191, Ex. C, Green Tr. 58:14-17; Ex. D, Giakouminakis Tr. 55:15-23. These expert opinions are unsupportable, conclusory, and not based on the factual record, which Federal Circuit has found is insufficient to avoid summary judgment in a patent case (or there would be no summary judgment in patent cases). *Novartis*, 271 F.3d 1043, 1051.

### D. Specific Issues In Finjan's Opposition

The below examples further illustrate the problem with the Court's decision to deny Rapid7 the opportunity to even move for summary judgment based on Finjan's Opposition letter. These examples focus on a subset of the issues raised in Rapid7's Letter Brief.

#### 1. Vulnerabilities vs. Computer Exploits/Hostile or Potentially Hostile Operations ('305, '408, '494, and '086 Patents)

Finjan attempts to generate a *factual* dispute with respect to the Nexpose and AppSpider products by arguing that its experts state that the accused products "detect hostile operations." D.I. 196, Opp. Letter at 2. Finjan cites four paragraphs of Dr. Cole's report and three paragraphs

6

of Dr. Mitzenmacher's report relating to Nexpose and AppSpider in support, followed by unsupported attorney argument.[1]

Each of these paragraphs is insufficient to avoid summary judgment. Paragraph 220 of Dr. Cole's report talks about a "▮▮▮▮ component of Nexpose's Security Console, which Dr. Cole alleges "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." D.I. 196, Ex. 1, Cole Rep. ¶ 220. Here, Finjan attempts to generate a factual dispute by flagging the buzzwords "▮▮▮ and "▮▮▮▮ However, it is undisputed as a factual matter that the "▮▮▮ and "▮▮▮▮" discussed by Dr. Cole are *not* within any incoming content under evaluation by the accused products, which is what the patents address. Instead, the accused products use intelligence Rapid7 has about ▮▮▮ ▮▮▮▮, e.g., available on the internet, that hackers can acquire and potentially use against the identified vulnerabilities. In that manner, Rapid7 is able to help customers prioritize which vulnerabilities a customer should remediate first.

In paragraphs 181-183, Dr. Cole simply makes conclusory assertions restating the claim language, and his own parenthetical descriptions of the documents he string cites belie his conclusory statements, making no mention of AppSpider detecting exploits or hostile operations within the content it evaluates. *Id.* at ¶¶ 181-183. Again, such unsupported and conclusory arguments by an expert are not sufficient to avoid summary judgment. *Novartis Corp.*, 271 F.3d at 1051; *Arthur A. Collins*, 216 F.3d at 1048. Paragraphs 797-799 of Dr. Mitzenmacher's Report

---

[1] For example, Finjan argues "what Rapid7 calls a 'vulnerability' *is* potentially malicious and suspicious because it behaves in malicious ways when presented with a triggering input." D.I. 196, Opp. Letter at 2. Finjan cites no support (factual or even expert statement) for this attorney argument.

7

do not even address the accused products identifying exploits or potentially hostile operations within content being evaluated. Instead, they describe the identification of vulnerabilities *susceptible to attack by* certain types of potentially hostile operations. D.I. 196, Ex. 2, Mitz. Rep. ¶¶ 797-799.

Finally, in an apparent keyword matching exercise, Finjan attempts to map portions of the specification of the '305 Patent to the conclusory statements made by its experts. D.I. 196, Opp. Letter at 3-2. However, paragraph 907 of Dr. Cole's report, which Finjan cites, is addressing the claim element of the '305 Patent requiring "updating the database of parser and analyzer rules," which Rapid7 did not even address in its Letter, and thus is irrelevant. D.I. 196, Ex. 1, Cole Rep.¶ 907. In Paragraph 346 of Dr. Cole's report, he simply adds the word "/exploit" to the word "vulnerability", and, in a conclusory manner, alleges that there is identification of "suspicious computer operations". *Id.* at ¶ 346. Again, that is not enough to avoid summary judgment.

All of these issues can be readily addressed during full summary judgment briefing, but not at the motion for leave stage in a 5-page letter brief with no reply. Further, it is noteworthy that none of the above claim elements for Nexpose and AppSpider are implicated by Finjan's Doctrine of Equivalents positions.

### 2. Finjan's Citation to Stricken Portions of Its Expert Report ('289 Patent)

Finjan argues that ▮▮▮▮▮▮▮▮▮ – which are the result of a vulnerability scan – are "created in precise ways necessary to make inspection possible." D.I. 196, Opp. Letter at 5. This purported factual discrepancy is irrelevant, and this issue is purely an issue of claim interpretation that should be resolved on summary judgment. The asserted claims have nothing to do with "mak[ing] inspection possible". Instead, they explicitly require inserting a "substitute

function" into a received input that is "operational to send the input for inspection" (which is functionality that by definition did not exist prior to the insertion of the claimed "substitute function"). D.I. 1-1, '289 Patent, cl. 41. Neither Finjan nor its experts explain any way in which this allegedly occurs, much less any way supported by the factual record.

Finjan first cites a portion of Dr. Mitzenmacher's report for Nexpose relating to "normalizing and deobfuscating", which Dr. Mitzenmacher himself acknowledged does not change the functionality of the code. D.I. 191, Ex. I, Mitz. Tr. 147:11-148:19. The only outstanding issue is one of claim interpretation – i.e., whether a process (i.e., normalizing and deobfuscating) that does *not* change the functionality of the code, can be a "substitute function" that includes new functionality – namely, being "operational to send the input for inspection," as required by the claim. The remaining citation Finjan provides from Dr. Mitzenmacher's report (i.e., paragraph 552) has been stricken by the Court, and thus has no bearing on this issue. D.I. 190 at 5.

Once again, the issues raised by Finjan could be easily addressed during summary judgment briefing, and the fact that Finjan cited portions of its expert report that have been struck raises issues that should not have been considered by the Court in denying Rapid7's motion.

### 3. Finjan Identifies No Factual Dispute For The '918 Patent

Finjan does not raise any purported factual dispute with respect to the '918 Patent. D.I. 196, Opp. Letter at 5. Instead, Finjan mischaracterizes Rapid7's position as "rehashing" a "rejected claim construction argument". *Id.* As there is no factual dispute, the only remaining issue is the legal question of whether a simple "association" between two things – as Finjan alleges – is "combined code," as required by the claim.

### 4. Recent Change in Authority for '154 Patent

9

With respect to the '154 Patent, an additional issue has arisen since the Parties submitted their letter briefs seeking leave to file motions for summary judgment. The Parties previously disputed the construction of the term "content processor", which Rapid7 proposed should have the same construction as adopted by the court in the *Finjan v. Juniper* matter, a construction which ultimately resulted in a finding of summary judgment of non-infringement. *Juniper Networks, Inc.*, 2019 WL 3302717. The *Juniper* matter was on appeal at the time, and the Court declined to adopt Rapid7's proposed construction. D.I. 123 at 2, 12-13. On October 9, 2020, the Federal Circuit affirmed the summary judgment ruling. *Finjan, Inc. v. Juniper Networks, Inc.*, Case 19-2405, Document 59 (Fed. Cir. Oct. 9, 2020). Rapid7 is in the process of meeting and conferring with Finjan on this issue in order to raise it with the Court by separate motion.

## IV.   CONCLUSION

For the foregoing reasons, Rapid7 respectfully requests that the Court reconsider its Order denying Rapid7 leave to file a motion for partial summary judgment of non-infringement. Rapid7 respectfully submits that resolution of full summary judgment briefing will streamline the issues for trial, for the Court, the jury, and the Parties.

Dated:  October 27, 2020

*OF COUNSEL:*

L. Norwood Jameson
Matthew C. Gaudet
David C. Dotson
John R. Gibson
Robin McGrath
Jennifer H. Forte
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 2000
Atlanta, GA 30309
Tel.:  (404) 253-6900
Fax:  (404) 253-6901
wjameson@duanemorris.com

**DUANE MORRIS LLP**

/s/ *Richard L. Renck* -
Richard L. Renck (I.D. No. 3893)
222 Delaware Avenue, Suite 1600
Wilmington, DE  19801
Tel.:  (302) 657-4900
Fax:  (302) 657-4901
rlrenck@duanemorris.com

*Counsel for Defendants*
*Rapid7, Inc. and Rapid7 LLC*

mcgaudet@duanemorris.com
dcdotson@duanemorris.com
jrgibson@duanemorris.com
rlmcgrath@duanemorris.com
jhforte@duanemorris.com

Jarrad M. Gunther
Joseph A. Powers
**DUANE MORRIS LLP**
30 South 17th St.
Philadelphia, PA 19103-4196
Tel.: (215) 979-1837
Fax: (215) 689-4921
jmgunther@duanemorris.com
japowers@duanemorris.com

Jordana Garellek
**DUANE MORRIS LLP**
1540 Broadway
New York, NY 10036-4086
Tel.: (212) 471-1829
Fax: (212) 214-0889
jgarellek@duanemorris.com

*admitted pro hac vice*