

RICHARD L. RENCK
E-MAIL: RLRenck@duanemorris.com

December 15, 2020

**VIA CM/ECF AND HAND DELIVERY**

The Honorable Judge Maryellen Noreika
844 N. King Street, Unit 19, Room 4324
Wilmington, DE 19801-3555

**Re: *Finjan LLC v. Rapid7, Inc. and Rapid7 LLC,* Case No. 18-1519-MN (D. Del.)**

Dear Judge Noreika:

Pursuant to the Court's December 8, 2020 Order, Rapid7 respectfully submits this letter regarding collateral estoppel issues impacting the construction of "content processor" for the '154 Patent, in view of the Federal Circuit's Rule 36 affirmance in the Finjan/Juniper matter. There, the trial court entered summary judgment of non-infringement of the '154 Patent based on its construction of the term "content processor." Neither party argued that there was any alternative basis for the trial court's non-infringement finding. The judgment thus fully and finally resolved the claim construction of "content processor" and precludes Finjan from re-litigating that construction here. Finjan's statement during oral argument that certain damages issues applied to all patents cannot serve as an independent basis for the affirmance of the non-infringement issues for the '154 Patent and is thus irrelevant to the collateral estoppel question.

## I. Legal Background

"A Rule 36 affirmance is a binding judgment for collateral estoppel purposes." *Phil-Insul Corp. v. Airlite Plastics Co*., 854 F.3d 1344, 1355 (Fed. Cir. 2017). There is an exception when an appellee briefed and argued two or more independent bases for affirmance on a given issue, such that it cannot be determined which of the independent bases was the reason for affirmance on that issue. *See, e.g., TecSec, Inc. v. IBM*, 731 F.3d 1336, 1343 (Fed. Cir. 2013) ("'where the court in the prior suit has determined two issues, either of which could independently support the result, then neither determination is considered essential to the judgment'" (internal citations omitted); *United Access Technologies, LLC v. CenturyTel Broadband Svcs., LLC*, No. 11-339-LPS, 2016 WL 5745085, at *3 (D. Del. Sept. 30, 2016) (Stark, J.)). Critically, this exception applies when there are independent bases for affirmance of a given finding, *not* anytime separate, independent issues are appealed.

For example, in *TecSec*, a judgement of non-infringement was affirmed, in which the judgment "was independently predicated on alternative grounds: [1] TecSec's failure of proof as to IBM's and its customers' acts and as to IBM's intent," and [2] "failure to show that IBM's software met certain limitations of the claims, as construed." *TecSec*, 731 F.3d at 1343-44. The Court found that the "former ground was not and is not dependent on any claim construction," and therefore collateral estoppel did not apply to the claim construction. *Id.* at 1344. *See also United Access,* 2016 WL 5745085, at *3 ("On appeal, the *EarthLink* defendants argued that the Federal Circuit could affirm this Court's judgment of non-infringement for CO-ADSL ***either*** based on this




Court's construction of 'signal interface,' ***or for the independent reason*** that the jury verdict of non-infringement for RT-ADSL compelled a finding of non-infringement for CO-ADSL.").

## II. Argument

Here there is no alternative, ***independent reason*** for affirmance of the trial court's finding of non-infringement on the '154 Patent. The only reason for affirmance on the '154 Patent is rooted in the trial court's construction of "content processor." Finjan attempts to avoid collateral estoppel by arguing that a remedy issue (i.e., damages issue) on separate patents (1) applies to the '154 Patent, and (2) somehow resolves a liability issue (i.e., infringement) as to the '154 Patent. Finjan is wrong on both points.

### A. Construction of "content processor" Was Necessary

As an initial matter, the construction of "content processor" was necessary to the trial court's finding of non-infringement on the '154 Patent, and thus the Federal Circuit's affirmance of that judgment. Finjan's Opening Appellant's Brief thus states – in a bolded section heading – that the construction of "content processor" "led to summary judgment of no infringement." Ex. 1, Finjan Opening Br. at 18. Finjan also argues that ***"[t]he district court's '154 error was pure claim construction error***, reviewable de novo and warranting reversal." *Id.* at 32. Finjan further noted of the trial court's judgment: "[f]inding that Finjan's evidence did not specifically address this new construction, the court entered judgment of no infringement either literally or by equivalence." *Id.* at 19; *see also id.* at 28 ("the district court's construction of 'content processor' ('154 Patent) improperly imported limitations from the written description"). Juniper, the appellee/defendant, similarly raised a ***single*** ground for affirmance on the '154 Patent liability issue, the "content processor" construction:

**STATEMENT OF THE ISSUES**

**U.S. Patent 8,141,154:**

1. Did the District Court err by relying on claim 1's language and Finjan's statements limiting the scope of the "present invention" to determine the type of "content" processed by claim 1's "content processor" is "modified content"?

Ex. 2, Juniper Response Br. at 1; *see also, id.* at 4 ("Summary of the Argument The '154 Patent ("content processor"): The District Court correctly determined that "content processor" in the "client computer" processes content that has been modified at the gateway computer."). Juniper also noted "[b]ecause Finjan raises no argument in its briefing to challenge the District Court's determination that there was no genuine issue of material fact, the only real issue in this appeal is Finjan's claim construction challenge." *Id.* at 22. In other words, the only issue with the liability determination of the '154 Patent on appeal was this claim construction issue. Thus, the Federal Circuit's affirmance necessarily affirmed that determination.




**B. The is No Other Basis in the Record for Affirming Non-Infringement**

Finjan argued during this Court's December 8th teleconference that there were five different reasons for affirmance. That is misleading and incorrect as a matter of law. Finjan appealed five separate liability and remedy issues relating to three different patents – but only one liability issue relating to the '154 Patent. Taken to its logical conclusion, Finjan's position would mean any time more than one issue is on appeal (no matter how unrelated the issues), a Rule 36 affirmance cannot lead to collateral estoppel. That is simply not the law. Indeed, Judge Stark articulated this exact concern in *United Access*, emphasizing that "the Court has concerns that Plaintiff's view, if pressed too far, would eliminate all possibility of collateral estoppel effect from cases that terminate with a Rule 36 affirmance – ***an outcome that cannot be correct***." 2016 WL 5745085, at *5 (citations omitted). Although he declined to find that collateral estoppel applied, Judge Stark made clear that this determination was based on "the specific circumstances here—where there is 'some ambiguity' as to whether an issue was 'necessarily decided' in a prior case, ***and that ambiguity arises from a party's express appellate argument for affirmance on alternative, independent grounds that are supported by the record in the district court case***." *Id.* (emphasis added). Here, there was no "express appellate argument for affirmance on alternative, independent grounds" supported by the district court record for the '154 Patent liability finding. Indeed, there were no alternative grounds for affirmance of the liability finding at all. And while Finjan points to a statement *it* made during oral argument (i.e., not an alternative ground for affirmance raised by the appellee), that statement has no relationship to the liability issue for the '154 Patent. The only argument for affirmance by the appellant on the '154 Patent was grounded in the construction of "content processor," which was necessary to the judgment.

**C. Finjan's Remedy Issues Do Not Impact the Liability Issue on the '154 Patent as a Matter of Law**

Finjan principally argues that statements it made during oral argument about the damages issues applying to all patents provides an alternative, independent basis to affirm the '154 Patent non-infringement finding. That result is impossible as a matter of law.

The Federal Circuit has confirmed that damages expert testimony is *permissible*, not required, and that liability issues (e.g., infringement) can still be decided by a jury in the absence of damages expert testimony, even if that means the damages are nominal. *See, e.g., Apple, Inc. v. Motorola, Inc*., 757 F.3d 1286, 1330 (Fed. Cir. 2014). Thus, just because Finjan may not like the damages remedy it could recover if successful on remand, that is not a basis for the Federal Circuit to dispose of the liability question of infringement as a matter of law. *Id.* at 1328 ("if the patentee's proof is weak, the court is free to award a low, perhaps nominal, royalty, as long as that royalty is supported by the record."). While Finjan strategically may not *want* to proceed with more limited damages, the Federal Circuit does not engage in litigation strategy determinations as a basis for affirming judgment on liability issues, as Finjan's position seems to suggest.

In sum, for the exception to the general rule that collateral estoppel arises from a Rule 36 affirmance to apply here, this Court would have to speculate (among other things) that the Federal Circuit ignored its own binding precedent that damages expert testimony is not required and that nominal damages can be awarded by the Court where the plaintiff's damages case is weak. There




is simply no basis in the record to support this conclusion, especially when no party ever suggested such an outcome.

**D. Finjan Did Not Argue to the Federal Circuit that the Damages Issues would Dispose of the Liability Issues**

Consistent with the governing law that a weak (or even non-existent) damages case does not resolve the issue of liability, Finjan did not argue that the damages issues would preclude a liability finding on the '154 Patent. Instead, Finjan's lawyer first acknowledged that the '154 Patent claim construction issue was in play, and that the Federal Circuit was capable of performing that de novo review without her oral argument. Appeal No. 19-2405, Oral Argument (http://oralarguments.cafc.uscourts.gov/default.aspx?fl=19-2405_10072020.mp3) at 28:34-29:13. Next, Finjan's lawyer *acknowledged* that Finjan could get relief on the '154 Patent liability issue, but argued if Finjan did not *also* get relief on the damages issue, it would be "left with a wrong with no remedy," apparently unhappy with the prospect of nominal damages upon a finding of infringement on remand. *Id.* Then, at the end of rebuttal, Finjan's lawyer was asked whether the "damages issue" relates to all patents-in-suit or just the '494 Patent. She responded that it would relate to all patents "because all of them are system claims", and because Finjan's damages expert would be excluded in its entirety. *Id.* at 32:26 -32:50. Again, Finjan's lawyer did *not* argue to the Federal Circuit that this would preclude a *liability* determination on the '154 Patent, i.e., the legally impossible result that Finjan argues now.

Moreover, the damages issues on appeal did not even relate to the '154 Patent. Finjan appealed damages issues relating to (1) actual notice for the '780 Patent; (2) marking/constructive notice for the '780 Patent and '494 Patents; and (3) a *Daubert* order excluding its damages expert report on the '494 Patent (which proceeded to trial separately from the '154 Patent). Ex. 1, Finjan Opening Br. at 25, 27. None of these issues could be an independent basis for affirmance of non-infringement on the '154 Patent as a matter of law because they do not apply to the '154 Patent, and even if they did, they do not preclude a remand on the *liability* issues for the '154 Patent. More specifically, the notice issue for the '780 and '494 Patents (two patents that expired before actual notice, meaning there are no damages available absent pre-suit notice) does not apply to the '154 Patent because the '154 Patent does not expire until 2025. *Id.* at 27, Appx 400, 415. Likewise, the trial court's exclusion of Finjan's damages expert report for the '494 Patent does not apply to the '154 Patent. The excluded expert report only addressed the '494 Patent. *Id.* at 14-17; Ex. 2, Juniper Response Br. at 3-5, 46-47.

Finjan argued during the Court's December 8 teleconference that the parties briefed the damages issues applying to all patents. The record does not show that. Regardless, Finjan did *not* argue (and nor did Juniper) the damages issues would dispose of liability issues on the '154 Patent. Instead, Finjan requested that the Federal Circuit address '494 Patent damages issue related to "combined infringement by end user hardware and 'cloud' services" because that would become "law of the case" for damages for any remand. Ex. 1, Finjan Opening Br. at 66-67. Finjan argued that "[r]emand without substantive review of these issues would promote a pointless trial and new judgment, then a new appeal on this same issue." *Id.* at 67. That, of course, would be the case with respect to the '154 Patent *only if* Finjan chose to pursue the same damages approach on remand. But there is nothing in the record indicating that Finjan would have been *required* to take




the same approach to damages on the '154 Patent. Finjan did not argue that there was, and did not argue that remand on the '154 Patent would not be appropriate if the damages issue were not resolved in its favor. Ultimately, even if the Federal Circuit affirmed on the damages issues (and even assuming those issues apply to the '154 Patent), and remanded on the infringement issues, Finjan could still, at a minimum, proceed with the lower ($1.8 million) royalty base articulated as appropriate by trial court. *Id.* at 62. While Finjan may not *like* the limited damages, low damages are not a reason to affirm a non-infringement liability finding.

Very truly yours,

*/s/ Richard L. Renck*
Richard L. Renck (#3893)

*Counsel for Rapid7, Inc. and Rapid7 LLC*

RLR/chp
Attachments