

Fish & Richardson P.C.
222 Delaware Avenue
17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114

302 652 5070 main
302 652 0607 fax

**VIA ECF**

December 22, 2020

**Susan E. Morrison**
Principal
morrison@fr.com
302 778 8434 direct

The Honorable Maryellen Noreika
U.S. District Court
844 King Street
Wilmington, DE 19801

Re: *Finjan LLC v. Rapid7, Inc. and Rapid7 LLC,*
D. Del., C.A. No. 18-1519-MN

Dear Judge Noreika:

Collateral estoppel does not apply to the construction of the term "content processor" in the '154 patent in *Finjan, Inc. v. Juniper Networks, Inc.*, Appeal No. 19-2405 (Fed. Cir. 2020), because it is ambiguous whether that construction was necessary to the Federal Circuit's Rule 36 affirmance. In *Juniper*, the parties briefed five separate issues, including damages issues that applied to all patents that were subject to the appeal in that matter. (*See, e.g.*, D.I. 245, Ex. 1 at 66-67.) Either the liability or the damages arguments may have independently led to the Federal Circuit's affirmance. As a result, the application of collateral estoppel to those issues is inappropriate.

## I. Legal Standards

The application of collateral estoppel requires a clear finding that the "previous determination was necessary to the decision." *See, e.g.*, *United Access Techs., LLC v. Centurytel Broadband Servs.*, LLC, No. CV 11-339-LPS, 2016 WL 5745085, at *2 (D. Del. Sept. 30, 2016) ("In the Third Circuit, collateral estoppel applies where: '(1) the previous determination was necessary to the decision . . .'"); *see also Leyse v. Bank of Am., Nat. Ass'n*, 538 F. App'x 156, 160 (3d Cir. 2013) (stating that summary affirmance does not have preclusive effect unless the basis for affirmance is clear).

A Rule 36 judgment does not endorse the reasoning in the trial court's underlying opinion. *See Rates Tech., Inc. v. Mediatrix Telecom, Inc.*, 688 F.3d 742, 750 (Fed. Cir. 2012) ("Since there is no opinion, a Rule 36 judgment simply confirms that the trial court entered the correct judgment. It does not endorse or reject any specific part of the trial court's reasoning."). Thus, in instances where multiple, independent determinations could lead to the correct judgment, no single determination is ***necessary to the judgment***. *See TecSec, Inc. v. Int'l Bus. Machines Corp.*, 731 F.3d 1336, 1343 (Fed. Cir. 2013) ("[W]here the court in the prior suit has determined two issues, either of which could independently support the result, then neither determination is considered essential to the judgment.") (citations omitted). This rationale extends to appellate arguments






presented by counsel. *See United Access Techs.*, No. CV 11-339-LPS, at *5 (finding collateral estoppel does not apply "under the specific circumstances . . . where there is 'some ambiguity' as to whether an issue was 'necessarily decided' in a prior case, and that ambiguity arises from a party's express appellate argument for affirmance on alternative, independent grounds . . .") (citations omitted).

Rapid7's argument, made without citation, that collateral estoppel does not attach to a judgment only where there are independent bases for affirmance of a particular issue or finding (*see* D.I. 245 at 1), is not the law. As the Federal Circuit has made clear, a Rule 36 judgment confirms only that the underlying judgment of the district court was correct. *Rates Tech., Inc.*, 688 F.3d at 750. And where there are multiple potential bases supporting the district court's judgment, none of those underlying bases can be considered "necessary to the judgment" where a Rule 36 is entered. *Id.*; *TecSec*, 731 F.3d at 1343.

Finjan is not arguing, contrary to Rapid7's suggestion (D.I. 245 at 3) that a Rule 36 summary affirmance can never be the basis for collateral estoppel. Instead, Finjan's position is that, as this District articulated in *United Access*, "where there is some ambiguity as to whether an issue was necessarily decided in a prior case," application of collateral estoppel is inappropriate. *United Access*, 2016 WL 5745085, at *5.

## II. Argument

Rapid7's letter brief misstates Finjan's position on collateral estoppel. As discussed more fully below, the record in *Juniper* shows that Finjan argued to the Federal Circuit that the damages issues raised specifically regarding one patent applied to all of the patents involved in the appeal, and that an affirmance on those damages issues would result in no damages across all three patents, even if the liability issues were resolved in Finjan's favor. As a result, an affirmance on damages would have resolved the entire matter adversely to Finjan, even if the Federal Circuit never reached the liability issues.

### A. Finjan's Brief to the Federal Circuit Argued that the Damages Issues Applied to All Patents on Appeal

Finjan appealed five separate issues in *Juniper*: (1) a claim construction issue regarding the proper construction of the term "content processor" in the '154 patent; (2) a claim construction issue related to the '780 patent regarding the term "Downloadable ID"; (3) whether it was error to submit a claim construction issue on the '494 patent to the jury; (4) whether the district court erred in excluding Finjan's damages' expert's calculation of damages; and (5) whether the district court erred in its findings related to notice of infringement. (*See, e.g.*, D.I. 245, Ex. 1 at 3.)

As to the fourth issue, the exclusion of Finjan's damages expert, Finjan's brief in *Juniper* made clear that the damages issues raised cut across all three patents in the appeal. Contrary to






Rapid7's statement that the "record does not show" that Finjan's brief made this argument, Finjan's brief expressly argued that if the Federal Circuit did not resolve the damages issues, it would be left with no remedy on the '154 patent. (D.I. 245, Ex. 1 at 66-67.) Specifically, Finjan argued that the damages issues raised with respect to the '494 patent equally applied to the damages on the '154 patent:

> This Court should address the errors regarding the district court's treatment of the damages for the '494 patent regardless of whether this Court remands it for a retrial on liability. Absent appellate review, the district court's flawed approach to '494 damages will be "law of the case" for any remand.

(*Id*. at 66.) Finjan went on to provide more detail on the impact that would have on any retrial related to the '154 patent, explaining that even if the liability issues on the '154 were resolved in Finjan's favor, the damages issues would leave it without any remedy:

> Here, judicial efficiency warrants this Court taking up the '494 damages "law of the case" if there is any remand, even if it is not on the '494 Patent. The same issues regarding combined infringement by end user hardware and "cloud" services are present for both the '154 and '780 Patents. Remand without substantive review of these issues would promote a pointless trial and new judgment, then a new appeal on this same issue. Finjan respectfully proposes that the more efficient course would be to address damages now. Finjan respectfully asks that this Court exercise discretion to resolve the damages base issue above as part of any remand.

(*Id*. at 66-67, citations omitted.) Said another way, resolution of the damages issues adverse to Finjan would sufficiently resolve the entire matter in Juniper's favor, and it would be unnecessary for the Court to reach the liability issues with respect to the '154 and '780 patents.

**B. Finjan's Oral Argument Further Clarified that the Damages Issues Applied to the '154 Patent**

Finjan's oral argument reinforced that the damages issues applied to all of the patents involved in the appeal, including the '154 patent. (*See* Oral Argument Recording at 28:32-32:54 (*available at* http://oralarguments.cafc.uscourts.gov/default.aspx?fl=19-2405_10072020.mp3).) Specifically, Finjan's counsel argued that unless the Federal Circuit reversed the District Court's exclusion of Finjan's damages expert, Finjan would have a wrong with no remedy:

> And to be candid with the court, even if we got relief on the '154, or the '780, or the '494, and we were remanded for either a trial or even a summary judgment and Juniper was found to infringe, if the Court does not deal with what the lower court did as far as the damages are concerned, we will have a wrong with no





> remedy. Juniper will be liable for infringement, and we will not be able to recover one penny.

(Oral Argument Recording at 28:45-29:10.)

At the very end of the argument, Finjan's counsel was asked if the damages issue applied to all patents. In response, counsel for Finjan confirmed that it did, and therefore a reversal of liability without a reversal of the District Court's order excluding Finjan's damages expert would result in a wrong without a remedy. Specifically, Finjan's counsel stated:

> Judge Stoll: "On the damages issue, Ms. Brooks, does it relate to all the patents in suit, or just to the '494 patent?"
> Ms. Brooks: "It would relate to all the patents-in-suit, Your Honor, because all of them are systems claims. So unless the district court is told by this Court that what the district court did by granting this *Daubert* was wrong, then we're going to go back and we're going to end up with the exclusion of our damages expert in its entirety for any of the patents."

(Oral Argument Recording at 32:18-32:45.) In other words, Finjan's counsel explained to the Court that if the Federal Circuit affirmed on the damages issues, that affirmance would apply to all three patents and make it unnecessary to reach the liability issues raised in the appeal.

Rapid7 attempts to turn Finjan's argument on its head, arguing that Finjan did not, and could not, argue that the resolution of the damages issues would also resolve the liability issue on the '154 patent. But as with many of Rapid7's statements, this is not Finjan's argument. Instead, Finjan argued to the Federal Circuit that resolution of the damages issues adversely to Finjan would effectively resolve the entire matter adversely to Finjan. As a result, the Federal Circuit could have decided the damages issues adversely to Finjan, and failed to even consider the liability issues. Because it is impossible to know the basis for the Federal Circuit's decision in this instance, the application of collateral estoppel is inappropriate here.

Respectfully submitted,

*/s/ Susan E. Morrison*

Susan E. Morrison