IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN LLC, a Delaware Limited Liability Company,<br><br>    Plaintiff,<br><br>  v.<br><br>RAPID7, INC., a Delaware Corporation and RAPID7 LLC, a Delaware Limited Liability Company,<br><br>    Defendants. | C.A. No. 1:18-cv-01519- CJB |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE SUPPLEMENTAL CLAIM CONSTRUCTION BRIEFING**

Dated:  April 28, 2021

**\*OF COUNSEL:**
L. Norwood Jameson
Matthew C. Gaudet
David C. Dotson
John R. Gibson
Robin McGrath
Jennifer H. Forte
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 1700
Atlanta, GA 30309
Tel.: (404) 253-6900
wjameson@duanemorris.com
mcgaudet@duanemorris.com
dcdotson@duanemorris.com
jrgibson@duanemorris.com
rlmcgrath@duanemorris.com
jhforte@duanemorris.com

Jarrad M. Gunther
Joseph A. Powers
**DUANE MORRIS LLP**
30 South 17th St.
Philadelphia, PA 19103-4196
Tel.: (215) 979-1837

**DUANE MORRIS LLP**
Richard L. Renck (I.D. No. 3893)
222 Delaware Avenue, Suite 1600
Wilmington, DE  19801
Tel.:  (302) 657-4900
Fax:  (302) 657-4901
rlrenck@duanemorris.com

*Counsel for Defendants*
*Rapid7, Inc. and Rapid7 LLC*

jmgunther@duanemorris.com
japowers@duanemorris.com

Jordana Garellek
**DUANE MORRIS LLP**
Duane Morris LLP
1540 Broadway
New York, NY 10036-4086
jgarellek@duanemorris.com

Kevin S. Prussia
Rauvin A. Johl
Colleen McCullough
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, Massachusetts 02109
Tel.: (617) 526-6348
kevin.prussia@wilmerhale.com
Rauvin.Johl@wilmerhale.com
Colleen.McCullough@wilmerhale.com

Sonal N. Mehta
**WILMER CUTLER PICKERING HALE AND DORR LLC**
2600 El Camino Real Suite 400
Palo Alto, CA 94306
Tel.: (650) 600-5051
sonal.mehta@wilmerhale.com

*admitted pro hac vice*

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................................1

II. NATURE AND STAGE OF THE PROCEEDINGS ...........................................................1

III. STATEMENT OF FACTS ....................................................................................................2

    A. Reexamination Proceedings ....................................................................................... 2

    B. Prior Claim Construction In This Matter ................................................................. 3

IV. ARGUMENT ..........................................................................................................................4

    A. Legal Standards............................................................................................................ 4

    B. Further Claim Construction is Necessary to Address The New Prosecution History Arising from The Rapid7 Reexamination ................................................... 6

    C. The "parser rules" and "analyzer rules" Constructions Should Also Apply to the '408 Patent ........................................................................................................ 9

V. CONCLUSION ....................................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286 (Fed. Cir. 2014) .......................................................10

*Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353 (Fed. Cir. 2017) ..........................................4, 9

*B. Braun Melsungen AG v. Terumo Med. Corp.*, 2010 U.S. Dist. LEXIS 54480
    (D. Del. Jun. 3, 2010) (Stark, J.) .............................................................................................10

*Boss Indus., Inc. v. Yamaha Motor Corp., U.S.A., Inc.*, 333 F. App'x. 531 (Fed. Cir. 2009)........11

*Capital Machine Co. v. Miller Veneers, Inc.*, 524 F. App'x. 644 (Fed. Cir. 2014) ...................5, 10

*Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*, 460 F.3d 1349 (Fed. Cir. 2006) ............................. 4-5

*Deering Precision Instruments, LLC v. Vector Distribution Sys., Inc.*, 347 F.3d 1314
    (Fed. Cir. 2003)..........................................................................................................................5

*Howmedica Osteonics Corp. v. Zimmer, Inc.*, No. 05-897, 2008 U.S. Dist. LEXIS 632
    (D.N.J. Jan. 2, 2008) ............................................................................................................5, 10

*Microsoft Corp. v. Multi-Tech Sys., Inc.*, 357 F.3d 1340 (Fed. Cir. 2004)................................5, 10

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351 (Fed. Cir. 2008) ...................6

*PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359 (Fed. Cir. 2007)......................................................8

*SightSound Techs., LLC v. Apple Inc.*, 809 F.3d 1307 (Fed. Cir. 2015)...................................5, 10

*Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 U.S.P.Q.2D (BNA) 1573
    (Fed. Cir. 1996)..........................................................................................................................5

DM2\14031128.3

**I.      INTRODUCTION**

Defendants Rapid7, Inc. and Rapid7 LLC (collectively, "Rapid7") respectfully request leave to file supplemental claim construction briefing concerning two claim terms in two of the Patents-in-Suit – U.S. Patent No. 7,975,305 ("the '305 Patent") and U.S. Patent No. 8,225,408 ("the '408 Patent") – in view of new prosecution history that did not exist during the original claim construction proceedings in this matter. Specifically, Finjan recently overcame prior art during an *ex parte* reexamination of the '305 Patent by defining the claim terms "parser rules" and "analyzer rules". Ex. A, Response to Non-Final Office Action at pp. 9, 14.[1] The statements by Finjan defining "parser rules" and "analyzer rules" are now part of the intrinsic record, they are equally applicable to the '305 and '408 Patents, and Finjan should not be permitted to pursue a broader claim scope in this litigation against Rapid7, where Finjan pursued "plain and ordinary meaning."

**II.     NATURE AND STAGE OF THE PROCEEDINGS**

This is a patent infringement matter in which Plaintiff Finjan LLC ("Finjan") has alleged infringement of seven U.S. Patents against Defendants Rapid7, Inc. and Rapid7 LLC (collectively, "Rapid7"). The Court issued its Claim Construction Order on February 5, 2020. D.I. 123. Expert discovery closed September 24, 2020. D.I. 159. Briefing on *Daubert* Motions concluded November 13, 2020. D.I. 231, 233, 234. The relevant prosecution history discussed herein was submitted to the Patent Office on December 14, 2020 as part of a Response to Non-Final Office Action in the *ex parte* reexamination. Ex. A, Response to Non-Final Office Action. The *ex parte* reexamination concluded February 23, 2021. Ex. B, Reexamination Certificate. Rapid7 first contacted Finjan on March 29, 2021 to discuss the impact of the prosecution history. Ex. C,

---

[1] All exhibits are attached to the accompanying Declaration of David C. Dotson in Support of Defendants Rapid7, Inc. and Rapid7 LLC's Motion for Leave to File Supplemental Claim Construction Briefing.

3/29/21 Email from Dotson to Finjan Counsel.  The Parties met-and-conferred via telephone on April 16, 2021.  This matter is scheduled for trial starting October 25, 2021.  D.I. 255.

### III.  STATEMENT OF FACTS

#### A.  Reexamination Proceedings

The asserted '305 Patent is a continuation-in-part of the asserted U.S. Patent No. 8,225,408 ("the '408 Patent").  Several claims of the '305 Patent were invalidated in an earlier *ex parte* reexamination brought by a third party.  Ex. D, Notice of Intent to issue Reexamination Certificate in Reexamination No. 90/013,660, at p. 2 (invalidating all challenged claims).  However, the claims asserted against Rapid7 in this case – which are very similar to the invalidated claims – were *not* challenged during that earlier reexamination.  Given the similarity of the claims, Rapid7 and others requested another *ex parte* reexamination challenging all of the claims asserted against Rapid7, relying upon the same prior art references that were at issue in the earlier reexamination ("the Rapid7 Reexamination").  Ex. E, Non-Final Office Action, at p. 2.

The patent examiner granted Rapid7's request for *ex parte* reexamination and issued a Non-Final Office Action rejecting all challenged claims over the prior art.  *Id*.  Finjan then conducted an interview with the patent examiner on December 9, 2020 – including its counsel and one of its experts – and followed up the interview with a written Response to Non-Final Office Action on December 14, 2020, containing 34 pages of argument and an accompanying expert declaration.  Ex. A, Response to Non-Final Office Action, at p. 2.

Finjan argued that since the '305 Patent had expired (unlike in the earlier reexamination invalidating all challenged claims in view of the same prior art), the "broadest reasonable interpretation" claim construction standard did not apply.  *Id.* at pp. 7-15.  Instead, Finjan argued that the *Philips* claim construction standard – which, of course, is the same claim construction standard applied by District Courts – applied in the Rapid7 Reexamination.  *Id*.  Based on its

application of the *Philips* claim construction standard, Finjan stated explicit definitions of the terms "parser rules" and "analyzer rules," as follows:

> It is respectfully submitted that under the correct claim construction standard, the term *parser rules* (interchangeably *parsing rules*) is properly construed as: **patterns of tokens that form syntactical constructs of program code that identify groups of tokens as a single pattern.** *See* '305 Patent at 2:22-24; 10:53-54.

Ex. A, Response to Non-Final Office Action, at p. 9.

> The Patent Owner submits that *analyzer rules* should be interpreted as **patterns of tokens that form syntactical constructs of program code previously identified as being potential computer exploits.**

*Id.* at p. 14. Finjan then argued that the under its stated meanings of "parser rules" and "analyzer rules", the challenged claims were distinguishable from the prior art at issue in the Rapid7 Reexamination. *Id.* at pp. 17-23.

The examiner ultimately agreed with Finjan, construing "parser rules" and "analyzer rules" exactly as Finjan defined them in its response to the office action: "**Parser rules** (also referred to as parsing rules): *patterns of tokens that form syntactical constructs of program code that identify groups of tokens as a single pattern.*" Ex. F, Ex Parte Notice of Intent to Issue Reexam Certificate, at p. 2. "**Analyzer rules**: *patterns of tokens that form syntactical constructs of program code previously identified as being potential computer exploits.*" *Id.* at p. 3. Based on these constructions, the examiner confirmed the patentability of the challenged claims, and a reexamination certificate issued February 23, 2021. Ex. B, Reexamination Certificate.

**B.    Prior Claim Construction In This Matter**

The Court issued its Claim Construction Order in this matter on February 5, 2020, over a year before the Rapid7 Reexamination concluded. D.I. 123. During claim construction in this matter, in stark contrast to the limiting definitions it argued to the patent examiner during the Rapid7 Reexamination, Finjan argued that the terms "parser rules" and "analyzer rules" had their

3

plain and ordinary meaning in the '408 Patent ("rules for parsing" and "rules for analyzing", respectively).  D.I. 76, Joint Claim Construction Brief at pp. 51, 53.  The Court ultimately construed "parser rules" consistent with Rapid7's proposed construction (made prior to, and thus not in view of, the later disclaimers described above), as "patterns of tokens that form syntactical constructs of program code."  D.I. 123 at p. 3.  The Court did not construe "analyzer rules" after Rapid7 withdrew that term to narrow the disputed issues before the Court.  D.I. 123 at p. 6.

With respect to the '305 Patent, Rapid7 initially pursued an indefiniteness position for the term "parser and analyzer rules corresponding to [computer] exploits", in lieu of breaking this term into separate "parser rules" and "analyzer rules" terms, as Finjan wound up doing during the Rapid7 Reexamination (the stand-alone terms "parser rules" and "analyzer rules" do not exist in the claims of the '305 Patent, as they do in the '408 Patent).  D.I. 55-1 at p. 43.  In any event, Finjan's position was that this phrase likewise had its plain and ordinary meaning.  *Id*.  Ultimately, Rapid7 did not pursue the indefiniteness position at claim construction.

IV.   ARGUMENT

   A.   Legal Standards

It is well-settled that a patent owner cannot tell the Patent Office one thing about the meaning of claim terms to avoid prior art, while simultaneously maintaining a broader interpretation of the claims against an accused infringer.  *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1360 (Fed. Cir. 2017) ("Ultimately, the doctrine of prosecution disclaimer ensures that claims are not construed one way in order to obtain their allowance and in a different way against accused infringers." (internal quotation marks and citation omitted)).  Prosecution history estoppel can occur in two ways: "either (1) by making a narrowing amendment to the claim ('amendment-based estoppel') or (2) by surrendering claim scope through argument to the patent examiner

('argument-based estoppel')." *Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*, 460 F.3d 1349, 1363 (Fed. Cir. 2006). For argument-based estoppel – which is at issue here – "the prosecution history must evince a clear and unmistakable surrender of subject matter." *Id*. at 1364 (quoting *Deering Precision Instruments, LLC v. Vector Distribution Sys., Inc.*, 347 F.3d 1314, 1326 (Fed. Cir. 2003)). Further, "[a]lthough words in a claim are generally given their ordinary and customary meaning, a patentee may choose to be his own lexicographer and use terms in a manner other than their ordinary meaning, as long as the special definition is clearly stated in the patent specification or file history." *Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1582 U.S.P.Q.2D (BNA) 1573, 1577 (Fed. Cir. 1996).

"Where multiple patents derive from the same parent application and share many common terms," courts "must interpret the claims consistently across all asserted patents." *SightSound Techs., LLC v. Apple Inc*., 809 F.3d 1307, 1316 (Fed. Cir. 2015) (internal quotation marks and citation omitted). Moreover, statements made by the applicant during prosecution of one patent can be used to interpret "the same term in both later-issued and earlier-issued patents in the same family." *Capital Machine Co. v. Miller Veneers, Inc.*, 524 F. App'x. 644, 649 (Fed. Cir. 2014) (citation omitted); *see also Microsoft Corp. v. Multi-Tech Sys., Inc.,* 357 F.3d 1340, 1349-50 (Fed. Cir. 2004) (finding that statements by the patentee in prosecution of a later sibling patent were a "representation of its own understanding of the inventions disclosed" in all sibling patents, despite the statement being made after the issuance of the patent in which the term being analyzed was used). Indeed, the Federal Circuit in *Capital Machine* determined that the patentee's "disclaimer of [claim] scope during prosecution of some of the [later-issued] patents-in-suit" applied "equally to limit the [claim term] in the other patents-in-suit," including those that issued earlier. *Id.*; *see also Howmedica Osteonics Corp. v. Zimmer, Inc.*, No. 05-897 , 2008 U.S. Dist. LEXIS 632, at

\*26-27 (D.N.J. Jan. 2, 2008) ("The Federal Circuit has authorized district courts to consider statements made by the patentee in subsequent related application[s] in the district courts' claim construction of the patent claims at issue.").

Finally, the Federal Circuit has made clear that courts must resolve any fundamental dispute regarding the scope of the claims. *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.,* 521 F.3d 1351, 1362 (Fed. Cir. 2008) ("When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it.").

### B. Further Claim Construction is Necessary to Address The New Prosecution History Arising from The Rapid7 Reexamination

The '305 Patent that was the subject of the Rapid7 Reexamination is a continuation-in-part of the '408 Patent. Both the '305 and '408 Patents generally relate to using rule-based content scanners to scan content to identify malicious program code. D.I. 76 at pp. 40, 49. The specifications explain that they do this – in part – using "parser rules" and "analyzer rules". *Id.* at pp. 40, 51-54. The only asserted claim of the '305 Patent is claim 25, which requires, e.g.:

> scanning the selectively diverted content incoming content to recognize potential exploits therewithin, based on a database of **parser and analyzer rules** corresponding to computer exploits, computer exploits being portions of program code that are malicious, wherein the **parser and analyzer rules** describe exploits as patterns of types of tokens, tokens being program code constructs, and types of tokens comprising a punctuation type, an identifier type and a function type

D.I. 1 at Exhibit 1, '305 Patent, cl. 25 (emphasis added). Although the claims of the '305 Patent do not explicitly include the stand-alone terms "parser rules" and "analyzer rules", Finjan argued during the Rapid7 Reexamination that its definition of those terms applied to the '305 Patent's "parser and analyze rules" term. Ex. A, Response to Non-Final Office Action, at pp. 9-15.

The asserted claims of the '408 Patent (i.e., claims 1, 4, 22, and 29) all explicitly include the terms "parser rules" and "analyzer rules". For example, claim 1 requires:

> instantiating, by the computer, a scanner for the specific programming language, in response to said determining, the scanner comprising **parser rules** and **analyzer rules** for the specific programming language, wherein the **parser rules** define certain patterns in terms of tokens, tokens being lexical constructs for the specific programming language, and wherein the **analyzer rules** identify certain combinations of tokens and patterns as being indicators of potential exploits, exploits being portions of program code that are malicious

D.I. 1 at Exhibit 2, '408 Patent, cl. 1 (emphasis added).

This Court previously construed "parser rules" in connection with the '408 Patent as "patterns of tokens that form syntactical constructs of program code." D.I. 123 at p. 3. As set forth above, the Court did not construe "analyzer rules" or "parser and analyze rules".

Over a year after this Court issued its Claim Construction Order, the Patent Office issued its Reexamination Certificate in the Rapid7 Reexamination confirming the validity of the challenged claims of the '305 Patent. Ex. B, Reexamination Certificate. In order to secure confirmation of the challenged claims over the prior art, Finjan made explicit statements about the meaning of the claim terms "parser rules" and "analyzer rules" to the patent examiner – all of which occurred after this Court issued its Claim Construction Order. Specifically, Finjan argued that the term "parser rules" (and "parsing rules") means "patterns of tokens that form syntactical constructs of program code that identify groups of tokens as a single pattern." Ex. A, Response to Non-Final Office Action, at p. 9 (citing '305 Patent at 2:22-24; 10:53-54). Finjan also argued that "analyzer rules" means "patterns of tokens that form syntactical constructs of program code previously identified as being potential computer exploits." *Id.* at 14. This is in stark contrast to Finjan's plain and ordinary meaning proposals during claim construction in this matter.

Moreover, with respect to "parser rules", Finjan argued in the Rapid7 Reexamination that the PTAB's prior interpretation of that term under the Broadest Reasonable Interpretation standard as "patterns of tokens that form syntactical constructs of program code" – which is the very construction this Court adopted a year earlier – "is not the correct interpretation under *Philips*."

Ex. A, Response to Office Action, at p. 9.  In other words, after this Court issued its Claim Construction Order, Finjan defined "parser rules" more narrowly in the file history, stating that it includes an additional requirement of: "… that identify groups of tokens as a single pattern." *Id*.

The examiner ultimately took Finjan at its word and construed "parser rules" and "analyzer rules" exactly as Finjan defined those terms, and confirmed validity of the challenged claims based on those constructions.  Ex. F, Ex Parte Notice of Intent to Issue Reexam Certificate, at pp. 2-4.  This is a textbook disclaimer (if not a textbook lexicographical definition), made to secure validity of the claims of the '305 Patent in the face of prior art that had previously been used to invalidate many of the claims of the '305 Patent in a prior reexamination.  But for these new, narrow definitions provided by Finjan for "parser rules" and "analyzer rules", the claims likely would have been invalidated in the Rapid7 Reexamination, like the challenged claims invalidated in the earlier third party reexamination.  This is evidenced by the patent examiner's heavy reliance on these constructions in his statement of the reasons for issuance of the Reexam Certificate.  *Id*.  Ultimately, of course, whether the examiner relied upon Finjan's representations is irrelevant to this inquiry anyway.  *f, Inc. v. Porta Stor, Inc*., 484 F.3d 1359, 1368 (Fed. Cir. 2007) ("clear assertions made during prosecution in support of patentability, whether or not actually required to secure allowance of the claim, may also create an estoppel . . . [t]he relevant inquiry is whether a competitor would reasonably believe that the applicant had surrendered the relevant subject matter." (internal quotation marks omitted)).

If this new prosecution history had existed at the time of claim construction in this case, Rapid7 could have pursued the narrow constructions argued by Finjan (and adopted by the patent examiner) in the Rapid7 Reexamination.  Instead, Finjan argued for narrow claim interpretations to the patent office for purposes of maintaining validity, while currently pursuing against Rapid7

a broader construction of "parser rules" for the '408 Patent, and "plain and ordinary meaning" for the other terms, for infringement purposes. Finjan's definitions of the terms "parser rules" and "analyzer rules" in the new prosecution history have a material impact on Rapid7's non-infringement case, and should thus be construed in this matter consistent with Finjan's arguments in the Rapid7 Reexamination. *Aylus Networks,* 856 F.3d at 1360 ("Ultimately, the doctrine of prosecution disclaimer ensures that claims are not construed one way in order to obtain their allowance and in a different way against accused infringers." (internal quotation marks and citation omitted)).

Finally, there is ample time left before trial to resolve this new claim construction issue and any related issues, as trial in this matter is not scheduled to start until October 25, 2021.

        **C.**      **The "parser rules" and "analyzer rules" Constructions Should Also Apply to the '408 Patent**

The statements made by Finjan in the Rapid7 Reexamination should also apply to the '408 Patent. The '305 Patent and '408 Patent are related, and the asserted claims of the '408 Patent contain the exact terms at issue in the Rapid7 Reexamination -- "parser rules" and "analyzer rules". Moreover, the portions of the specification of the '305 Patent cited by both Finjan and the patent examiner in construing those terms during the Rapid7 Reexamination exist in the common portion of the specifications of the '305 and '408 Patents. In other words, although the '305 Patent is a continuation-in-part of the '408 Patent, the new material added to the '305 Patent had nothing to do with the foundational concepts of "parser rules" and analyzer" rules, which were set forth in both specifications. Specifically, for "parser rules," both Finjan and the patent examiner cited the '305 Patent at 2:22-24 and 10:53-54. Ex. A, Response to Non-Final Office Action, at p. 9; Ex. F, Ex Parte Notice of Intent to Issue Reexam Certificate, p. 2. Those exact passages also exist in the '408 Patent, at 2:10-12 and 8:26-27. D.I. 1 at Exhibit B, '408 Patent at 2:10-12, 8:26-27. Likewise,

9

for "analyzer rules," both Finjan and the Examiner cited the '305 Patent at 12:58-13:3. Ex. A, Response to Non-Final Office Action, at p. 14; Ex. F, Ex Parte Notice of Intent to Issue Reexam Certificate, at p. 3. That passage corresponds to the '408 Patent at 9:23-35. D.I. 1 at Exhibit B, '408 Patent at 9:23-35.

      Put simply, there is nothing in the '305 Patent that dictates a different construction of the terms "parser rules" and "analyzer rules" than those very same terms in the claims of the '408 Patent, and Finjan's disclaimer in the '305 Patent prosecution should likewise apply to the asserted claims of the '408 Patent. The fact that the '305 Patent is a continuation-in-part of the '408 Patent and was filed after the '408 Patent (yet issued earlier than the '408 Patent) does not alter the analysis. *See, e.g.*, *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1312 (Fed. Cir. 2014) ("This court has previously found that statements made in related, later-prosecuted U.S. patents may inform the meaning of earlier issued claims." (citation omitted)); *Microsoft*, 357 F.3d at 1349-50 (finding that statements by the patentee in prosecution of a later sibling patent were a 'representation of its own understanding of the inventions disclosed' in all sibling patents, despite the statement being made after the issuance of the patent in which the term being analyzed was used); *B. Braun Melsungen AG v. Terumo Med. Corp.*, 2010 U.S. Dist. LEXIS 54480, at * 26-27 (D. Del. Jun. 3, 2010) (Stark, J.) ("The parties are in agreement that the prosecution history of a continuation-in-part patent is relevant." (citations omitted)); *Howmedica*, 2008 U.S. Dist. LEXIS at *26-27 ("The Federal Circuit has authorized district courts to consider statements made by the patentee in subsequent related application[s] in the district courts' claim construction of the patent claims at issue.").

      Moreover, regardless of the reason for the new constriction of the '305 Patent, the terms "parser rules" and "analyzer rules" should be construed the same way in the '408 Patent. *SightSound*, 809 F.3d at 1316 ("Where multiple patents derive from the same parent application

DM2\14031128.3

and share many common terms," courts "must interpret the claims consistently across all asserted patents." (internal quotation marks and citation omitted)); *Capital Mach.*, 524 F. App'x. at 647 (generally explaining that claim terms in related patents should be construed consistently across related patents); *Boss Indus., Inc. v. Yamaha Motor Corp., U.S.A., Inc.*, 333 F. App'x. 531, 536-37 (Fed. Cir. 2009) ("because each patent-in-suit is derived from the same parent application and shares many common terms with its sister patent, the district court correctly interpreted 'base station' consistently across all of the asserted patents"). The shared portions of the specifications, particularly in view of Finjan's new statements interpreting those portions of the specifications in the Rapid7 Reexamination, dictate the same result for both patents.

## V.  CONCLUSION

For the foregoing reasons, Rapid7 respectfully requests that the Court permit additional claim construction briefing for the terms "parser rules" and "analyzer rules" for the '305 and '408 Patents.

The Parties met and conferred telephonically with local and national counsel on April 16, 2021, but were unable to reach agreement on the substance of this Motion.

| | |
|---|---|
| Dated:  April 28, 2021 | **DUANE MORRIS LLP** |
| ***OF COUNSEL:** | /s/ *Richard L. Renck* |
| L. Norwood Jameson | Richard L. Renck (I.D. No. 3893) |
| Matthew C. Gaudet | 222 Delaware Avenue, Suite 1600 |
| David C. Dotson | Wilmington, DE  19801 |
| John R. Gibson | Tel.:  (302) 657-4900 |
| Robin McGrath | Fax:  (302) 657-4901 |
| Jennifer H. Forte | rlrenck@duanemorris.com |
| **DUANE MORRIS LLP** | |
| 1075 Peachtree Street NE, Suite 1700 | *Counsel for Defendants* |
| Atlanta, GA 30309 | *Rapid7, Inc. and Rapid7 LLC* |
| Tel.: (404) 253-6900 | |
| wjameson@duanemorris.com | |
| mcgaudet@duanemorris.com | |
| dcdotson@duanemorris.com | |

11

jrgibson@duanemorris.com
rlmcgrath@duanemorris.com
jhforte@duanemorris.com

Jarrad M. Gunther
Joseph A. Powers
**DUANE MORRIS LLP**
30 South 17th St.
Philadelphia, PA 19103-4196
Tel.: (215) 979-1837
jmgunther@duanemorris.com
japowers@duanemorris.com

Jordana Garellek
**DUANE MORRIS LLP**
Duane Morris LLP
1540 Broadway
New York, NY 10036-4086
jgarellek@duanemorris.com

Kevin S. Prussia
Rauvin A. Johl
Colleen McCullough
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, Massachusetts 02109
Tel.:  (617) 526-6348
kevin.prussia@wilmerhale.com
Rauvin.Johl@wilmerhale.com
Colleen.McCullough@wilmerhale.com

Sonal N. Mehta
**WILMER CUTLER PICKERING HALE AND DORR LLC**
2600 El Camino Real Suite 400
Palo Alto, CA 94306
Tel.:  (650) 600-5051
sonal.mehta@wilmerhale.com

*admitted pro hac vice

12

DM2\14031128.3