## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN LLC, a Delaware Limited Liability Company,<br><br>    Plaintiff,<br><br> v.<br><br>RAPID7, INC., a Delaware Corporation and RAPID7 LLC, a Delaware Limited Liability Company,<br><br>    Defendants. | C.A. No. 1:18-cv-01519- CJB |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE SUPPLEMENTAL CLAIM CONSTRUCTION BRIEFING**

Dated: May 14, 2021

***OF COUNSEL:***
L. Norwood Jameson
Matthew C. Gaudet
David C. Dotson
John R. Gibson
Robin McGrath
Jennifer H. Forte
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 1700
Atlanta, GA 30309
Tel.: (404) 253-6900
wjameson@duanemorris.com
mcgaudet@duanemorris.com
dcdotson@duanemorris.com
jrgibson@duanemorris.com
rlmcgrath@duanemorris.com
jhforte@duanemorris.com

Jarrad M. Gunther
Joseph A. Powers
**DUANE MORRIS LLP**
30 South 17th St.
Philadelphia, PA 19103-4196
Tel.: (215) 979-1837

**DUANE MORRIS LLP**
Richard L. Renck (I.D. No. 3893)
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801
Tel.: (302) 657-4900
Fax: (302) 657-4901
rlrenck@duanemorris.com

*Counsel for Defendants*
*Rapid7, Inc. and Rapid7 LLC*

jmgunther@duanemorris.com
japowers@duanemorris.com

Jordana Garellek
**DUANE MORRIS LLP**
Duane Morris LLP
1540 Broadway
New York, NY 10036-4086
jgarellek@duanemorris.com

Kevin S. Prussia
Rauvin A. Johl
Colleen McCullough
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, Massachusetts 02109
Tel.: (617) 526-6348
kevin.prussia@wilmerhale.com
Rauvin.Johl@wilmerhale.com
Colleen.McCullough@wilmerhale.com

Sonal N. Mehta
**WILMER CUTLER PICKERING HALE AND DORR LLC**
2600 El Camino Real Suite 400
Palo Alto, CA 94306
Tel.: (650) 600-5051
sonal.mehta@wilmerhale.com

*admitted pro hac vice*

**I.      INTRODUCTION**

Finjan's Opposition fails for two reasons.

First, Finjan all but ignores the "analyzer rules" term.  Finjan cannot dispute that the statements in the reexamination about that crucial – and, in Rapid7's view, dispositive – term were entirely new, and that they amount to a disclaimer.  Thus, even if the Court were to accept Finjan's position with respect to the "parser rules" term, the Court should still grant this motion as essentially uncontested with regard to the need for additional claim construction proceedings on the "analyzer rules" term.

Second, the Court should not accept Finjan's position with respect to the "parser rules" term, and should include that term in the additional claim construction proceedings as well.  Finjan's Opposition reads as if it made the exact same arguments on the "parser rules" term in original '305 patent reexamination as it did during the Rapid7 Reexamination, ignoring the fact that the largely identical claims challenged by Rapid7 *survived* the Rapid7 Reexamination, while the same prior art *invalidated* the claims in the original reexamination.  That difference is attributable to the new prosecution history, where Finjan argued for a narrower definition of the term "parser rules" under the exact same claim construction standard used by district courts, in unmistakable definitional language.  That history did not exist during the original claim construction proceedings in this matter.  This is likely why Finjan did not even raise this issue with Rapid7 during the meet-and-confer process, despite the stridency of the statements in its Opposition.

Moreover, instead of addressing the arguments and representations Finjan itself made in the reexaminations, Finjan largely focuses on the fact that Finjan used the same expert declaration in both reexaminations.  However, the expert declaration did not contain the explicit, definitional

statements for "parser rules" and "analyzer rules" contained in the actual office action response that Finjan submitted in the Rapid7 Reexamination under the *Philips* claim construction standard, and that were ultimately adopted by the patent examiner in allowing the claims over the prior art February 23, 2021.

## II. ARGUMENT

The explicit definitional statements made by Finjan in the Rapid7 Reexamination were not made in the original reexamination. Finjan largely ignores that the "analyze rules" term in its opposition, and with respect to "parser rules", ignores the critical fact that its arguments in the Rapid7 Reexamination applied the *Philips* claim construction standard – the standard applied by district courts – while that was not the case in the original reexamination.

### A. "Analyzer Rules"

Finjan does not argue that its definition of the term "analyzer rules" in the Rapid7 Reexamination previously existed in the prosecution history, and it did not. Instead, Finjan argues that it distinguished prior art with reference to the "analyzer rules" term in the claims. D.I. 262, Finjan Opp. at p. 7. But nowhere in the materials Finjan cites did Finjan state – as it did during the Rapid7 Reexamination – that "analyzer rules" are "patterns of tokens that form syntactical constructs of program code previously identified as being potential computer exploits."

Finjan's argument boils down to the fact that it relied on the same expert declaration in both reexaminations. However, that expert declaration likewise did not contain the express definition of "analyzer rules" that Finjan argued in its office action response in the Rapid7 Reexamination. *See* D.I. 263-5, Finjan Ex. D. (Jun 13, 2016 Medvidovic Declaration). At a bare minimum, therefore, the Court should grant Rapid7's motion with respect to "analyzer rules."

B.     **"Parser Rules"**

Finjan's statements in the original reexamination applied the Broadest Reasonable Interpretation claim construction standard, and were not the same definitive and definitional statements it made during the Rapid7 Reexamination under the *Philips* standard. Indeed, the Patent Office in the original reexamination did not adopt the construction it ultimately adopted in the Rapid7 Reexamination (in view of Finjan's arguments there), which resulted in allowance of the claims over the prior art. D.I. 263-4, Finjan Opp. Ex. C (Decision on Appeal) at p. 7.

Finjan cites a portion of its appeal of the original reexamination where it quoted passages discussing what the specification "discloses" relating to the term. D.I. 263-2, Finjan Opp. Ex. B (Appeal Brief) at p. 8 ("The '305 Patent discloses '*parser rules*' or '*parsing rules*' as . . . ). This is not the type of definitional statement that was later included in the Rapid7 Reexamination. Finjan then cites the appellate decision where *the Board* interpreted Finjan's argument as a claim construction proposal (and rejected it). D.I. 262, Finjan Opp. at p. 6 (quoting D.I. 263-4, Finjan Opp. Ex. C (Decision on Appeal) at p. 6 ("We understand Appellant to argue that "parser rules" should be construed as ….")). Shortly after its statement Finjan highlighted from the original reexamination, Finjan provided a string cite to various portions of the prosecution history in the original reexamination that purportedly supported its "parser rules" arguments, but none of them are the definitional statement it argued in the Rapid7 Reexamination.

> of types of tokens." *See id.* at claim 1. Patentee alerted the Examiner of these descriptions throughout the Response to the Non-Final Office Action. *See, e.g.*, Response to NFOA, pg. 4 ("patterns of tokens that form syntactical constructs of program code, referred to as parsing rules"); *id.* ("(2) identify groups of tokens as a single pattern (e.g. parser rules that group tokens into phrases)"); *id.* at 14 ("The claimed "*parser rules*" operate on tokens to identify groups of tokens as a single pattern or as claimed to "*describe computer exploits as patterns of types of tokens.*").

3

D.I. 263-2, Finjan Opp. Ex. B (Appeal Brief) at p. 9 (emphasis added).  Thus, the original reexamination history is ambiguous.  In stark contrast, the Rapid7 Reexamination provides a clear definitional argument under the *Philips* standard (that Finjan does not dispute is a disclaimer): "*parser rules* (interchangeably *parsing rules*) is properly construed as: **patterns of tokens that form syntactical constructs of program code that identify groups of tokens as a single pattern.**"  D.I. 260-1, Rapid7 Br. Ex A at p. 9.  The ambiguity in the original reexamination history is precisely what often leads to prosecution history estoppel arguments being rejected by district courts.  *Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*, 460 F.3d 1349, 1364 (Fed. Cir. 2006) ("the prosecution history must evince a **clear and unmistakable** surrender of subject matter.").  There is no such ambiguity in the Rapid7 Reexamination.

   **C.** **Finjan Does Not Dispute this Prosecution History Applies to the '408 Patent**

While Finjan argues Rapid7's proposals are untimely, Finjan does not dispute that the prosecution history from the '305 Patent also applies to the same claim terms in the '408 Patent.

   **D.** **Good Cause and Timeliness**

Finjan cites the *Viatech* case arguing Rapid7 failed to show "good cause."  Finjan Opp. at 1 (citing *Viatech Techs., Inc. v. Microsoft Corp.*, 2019 WL 3241131 at *2 (D. Del. July 18, 2019)).  The *Viatech* case is inapposite, as it addressed a deadline in the Court's Local Rules for filing motions for reargument or reconsideration.  *Viatech*, 2019 WL 3241131 at *2.  Here, a claim construction dispute between the Parties has arisen based on new prosecution history, and that dispute should resolved by the Court.  *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008) ("When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it.").  Finjan successfully argued for

narrow claim constructions to preserve validity, and should not be permitted to maintain broader constructions for purposes of infringement in this action.

Finjan also attempts to hold Rapid7's efforts to streamline the claim construction process – per Judge Norekia's requirement – against Rapid7. D.I. 262, Finjan Opp. at pp. 1, 4. In the absence of this new prosecution history, Rapid7 was required to streamline its claim constructions *prior* to when the Rapid7 Reexamination history existed. Those strategic decisions are entitled to no weight in view of the new prosecution history. In fact, those circumstances make exactly Rapid7's point: Rapid7 had to make decisions about reducing the claim construction issues before this new prosecution history existed.

Likewise, Finjan's position that Rapid7's expert should have argued claim construction in his expert report is without merit. D.I. 262, Finjan Opp. at pp. 7-8. The duty of the Parties' experts is to apply the Court's claim construction order, which is exactly what Rapid7's experts did.

Finally, Rapid7 first raised this issue with Finjan back on March 29, 2021, and filed its Motion promptly after meeting and conferring with Finjan on April 16, 2021. D.I. 259, Rapid7 Br. at p. 1-2. The reexamination for the original '305 Patent reexamination is a red herring, as that is not the reexamination on which this motion is based – and even the certificate for that reexamination did not issue until January 29, 2020, more than six months after proposed terms for construction were identified by the parties in this matter. D.I. 262, Finjan Opp. at p. 2. Ultimately, trial in this matter is not until the end of October, leaving ample time to address this issue – balanced again no form of unfair prejudice to Finjan.

Dated:  May 14, 2021

*OF COUNSEL:*

L. Norwood Jameson
Matthew C. Gaudet
David C. Dotson
John R. Gibson
Robin McGrath
Jennifer H. Forte
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 1700
Atlanta, GA 30309
Tel.: (404) 253-6900
wjameson@duanemorris.com
mcgaudet@duanemorris.com
dcdotson@duanemorris.com
jrgibson@duanemorris.com
rlmcgrath@duanemorris.com
jhforte@duanemorris.com

Jarrad M. Gunther
Joseph A. Powers
**DUANE MORRIS LLP**
30 South 17th St.
Philadelphia, PA 19103-4196
Tel.: (215) 979-1837
jmgunther@duanemorris.com
japowers@duanemorris.com

Jordana Garellek
**DUANE MORRIS LLP**
Duane Morris LLP
1540 Broadway
New York, NY 10036-4086
jgarellek@duanemorris.com

Kevin S. Prussia
Rauvin A. Johl
Colleen McCullough
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, Massachusetts 02109
Tel.: (617) 526-6348

**DUANE MORRIS LLP**

/s/ *Richard L. Renck* -
Richard L. Renck (I.D. No. 3893)
222 Delaware Avenue, Suite 1600
Wilmington, DE  19801
Tel.: (302) 657-4900
Fax: (302) 657-4901
rlrenck@duanemorris.com

*Counsel for Defendants*
*Rapid7, Inc. and Rapid7 LLC*

kevin.prussia@wilmerhale.com
Rauvin.Johl@wilmerhale.com
Colleen.McCullough@wilmerhale.com

Sonal N. Mehta
**WILMER CUTLER PICKERING HALE AND DORR LLC**
2600 El Camino Real Suite 400
Palo Alto, CA 94306
Tel.: (650) 600-5051
sonal.mehta@wilmerhale.com

*admitted pro hac vice*