IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN LLC, a Delaware Limited Liability Company,<br><br>                Plaintiff,<br><br>   v.<br><br>RAPID7, INC., a Delaware Corporation and RAPID7 LLC, a Delaware Limited Liability Company,<br><br>               Defendants. | C.A. No. 1:18-cv-01519-MN |

**JOINT STIPULATION AND [PROPOSED] ORDER RE STAY OF LITIGATION PENDING OUTCOME OF APPEAL IN *FINJAN V. ESET***

The parties jointly request the Court stay the litigation pending the outcome of appellate review of the court's summary judgment order in *Finjan v. ESET* (S.D. Cal. C.A. No. 17-cv-0183) ("ESET Action").

The court in the ESET Action issued a summary judgment order finding U.S. Patent No. 8,079,086 invalid under 35 U.S.C. § 112 for indefiniteness ("ESET Order"). The '086 patent and its continuation (U.S. Patent No. 8,677,494) are both asserted in this case. Finjan has appealed the ESET Order, and its predicate claim construction order. (S.D. Cal. C.A. No. 3:17-cv-00183, Dkt. 878; Fed. Cir. C.A. No. 2021-2093.) Rapid7 maintains that the ESET Order and the outcome of any appellate review are relevant to the instant litigation because Rapid7 alleges that Finjan is collaterally estopped from challenging the invalidity of the '086 Patent in this case, and that the '494 Patent is invalid for the same underlying reason as the '086 Patent.

After meeting and conferring over the issues, the parties agree that the interests of judicial economy as well as the resources of the Court and the parties are best served by staying this

litigation pending the outcome of Finjan's appeal.  For example, the '086 and '494 Patents are among seven presently asserted patents in this litigation; these two patents therefore represent a significant number of issues in the case that may be resolved or narrowed based on the outcome of Finjan's appeal (such as the parties' several infringement and invalidity theories regarding these two patents).  Moreover, if the appeal affirms the ESET Order, it would dispose of the '086 Patent (and, as Rapid7 contends, the '494 Patent); however, if the appeal reverses the ESET Order or the underlying claim construction order, it would resolve Rapid7's collateral estoppel defense for this particular issue.  Waiting for resolution of Finjan's appeal could also reduce the burden on the Court by potentially eliminating or narrowing issues for the Court or jury to decide.

The parties therefore jointly request the Court stay the litigation pending the completion of any appellate review in the ESET Action.

| **FISH & RICHARDSON P.C.** | **DUANE MORRIS LLP** |
|---|---|
| By:  */s/ Susan E. Morrison*<br>Susan E. Morrison (#4690)<br>222 Delaware Avenue, 17th Floor<br>Wilmington, DE 19801<br>(302) 652-5070<br>morrison@fr.com | */s/ Richard L. Renck*<br>Richard L. Renck (I.D. No. 3893)<br>1201 N. Market Street, Suite 501<br>Wilmington, DE  19801<br>Tel.:  (302) 657-4900<br>rlrenck@duanemorris.com |
| *Counsel for Plaintiff*<br>*Finjan LLC* | *Counsel for Defendants*<br>*Rapid7, Inc. and Rapid7 LLC* |

Dated:  July 2, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN LLC, a Delaware Limited Liability Company,<br><br>    Plaintiff,<br><br>  v.<br><br>RAPID7, INC., a Delaware Corporation and RAPID7 LLC, a Delaware Limited Liability Company,<br><br>    Defendants. | C.A. No. 1:18-cv-01519-CJB |

## [PROPOSED] ORDER

To preserve the resources of the parties and in the interest of judicial economy, the Court grants the joint request to stay the litigation pending completion of any appellate review of the District Court's amended order (D.I. No. 869) of March 29, 2021, in *Finjan v. ESET* (S.D. Cal. Case No. 17-cv-0183).

IT IS SO ORDERED this _____ day of _____, 2021.

_____
Magistrate Judge Christopher J. Burke