

January 30, 2023

Fish & Richardson P.C.
222 Delaware Avenue
17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114

302 652 5070 main
302 652 0607 fax

**Susan E. Morrison**
Principal
morrison@fr.com
302 778 8434  direct

Honorable Christopher J. Burke
U.S. District Court
844 King Street
Wilmington, DE  19801

Re:     *Finjan LLC v. Rapid7, Inc. and Rapid7 LLC,*
        D. Del., C.A. No. 18-1519-CJB

Dear Magistrate Judge Burke:

I write on behalf of the parties in the above-referenced action in response to the Court's order of January 12, 2023, directing the parties to submit a joint letter regarding the status conference that is set before the Court on February 6, 2023 at 2 p.m.

On July 2, 2021, the parties jointly requested that the Court stay this case pending the outcome of the appeal in *Finjan LLC v. ESET, LLC*, 2021-2093.  (Dkt. 266.)  That appeal was from a summary judgment order in a case in the Southern District of California finding U.S. Patent No. 8,079,086 invalid under 35 U.S.C. § 112 for indefiniteness.  The '086 patent, along with its continuation, U.S. Patent No. 8,677,494, are both asserted in this case, and Rapid7 asserted that Finjan was collaterally estopped from challenging the invalidity of the '086 Patent in this case, and that the '494 Patent is invalid for the same underlying reason as the '086 Patent.  The Court granted the parties' requested stay.  (Dkt. 267.)

The Federal Circuit reversed the district court's summary judgment order in the ESET case on November 1, 2022, and the Federal Circuit issued its mandate on January 3, 2023.  The parties then filed a joint status report, pursuant to the Court's order, on January 12, 2023, (Dkt. 269), and in response, the Court set a status conference and ordered the parties to submit this letter regarding subjects to be discussed at the status conference.

Finjan requests that the Court set a schedule for the remainder of the case, including dates for a pretrial conference and trial.  At the time this case was stayed in July 2021, the parties were less than four months from trial in this matter.  (*See* Dkt. 255, setting a six-day jury trial for October 25, 2021.)  Pre-trial motions as well as a motion regarding collateral estoppel and a motion for supplemental claim construction by Rapid7 were pending, which the Court denied without prejudice to renew when the stay was lifted.  (D.I. 267.)

In addition to setting a schedule for the remainder of the case, Finjan requests that the Court also refer the parties for mediation.  Finjan opposes any request by Rapid7 to reopen discovery on any issue in this case.  Finjan has complied with all of its discovery and disclosure obligations, and any suggestion to the contrary by Rapid 7 is without merit.



January 30, 2023
Page 2

Rapid7 has no objection to the parties being referred to mediation.  In addition to *Daubert* motions and motions *in limine*, Rapid7 intends to file a motion addressing a newly arising collateral estoppel issue regarding the claim constriction of one of the patents-in-suit based on a summary judgment ruling in Finjan's case against SonicWall in the Northern District of California.  Rapid7 also will renew the collateral estoppel and supplemental claim construction issues it has already raised with the Court (D.I. 245, 258).  Finally, Rapid7 intends to seek, and if necessary intends to move for, Finjan's compliance with its obligation to disclose the actual owners of Finjan's parent company, Fortress Investment Group LLC ("Fortress").

Respectfully submitted,

*/s/ Susan E. Morrison*

Susan E. Morrison